MICHAEL HALLORAN v. T. & N. O. R. R. COMPANY.

1. The giving of an appeal bond by appellant, in the manner and within the time prescribed by law, is absolutely necessary to the jurisdiction of this court over the case.

30

2. The act of May 3, 1871 (Paschal's Digest, Articles 6180–81), was intended to apply to cases arising after its passage, and a compliance with its provisions could not legalize an appeal from a judgment previously rendered, when the time prescribed for executing bond had expired before its enactment.

3. Distinguished from Shelton v. Wade, 4 Texas, 148.

APPEAL from Harris. Tried below before the Hon. George R. Scott.

This case is chiefly remarkable for having been twice decided on the questions raised by the assignment of errors by the former court, without jurisdiction, and after lingering upon its docket without final decision until the period for suing out a writ of error had expired, being at last dismissed because the appeal had never been perfected. The case involved the question of the responsibility of a railroad corporation in damages for a tort inflicted upon an employé of the company through the negligence of another employé, to whom the party injured was subordinate; it was carefully briefed, and the last opinion rendered by the former court contained a lengthy review of all the English and American cases on the point. The former opinions and briefs of counsel are omitted as pertaining to a cause over which the court had no jurisdiction. We insert only the argument on the motion to dismiss.

*O. A. Norwood* and *Geo. Goldthwaite*, for appellee, on motion to dismiss.—The Texas and New Orleans Railroad Company, upon the motion to dismiss the appeal for want of jurisdiction, there being no appeal bond, in support of this motion cites the following authorities: Burr v. Lewis, 6 Texas, 81; Lyell v. Guadalupe County, 28 Texas, 57; Prestige v. Prestige, 25 Texas, 585.

The plaintiff, Michael Halloran, gave notice of appeal on the twenty-ninth of May, 1869, and took no further steps whatever to perfect his appeal until the twenty-fifth

day of January, 1870. If the oath that he was too poor to give a cost bond was sufficient to entitle him to prosecute his appeal, it should certainly have been filed within the time limited for the filing of the bond to perfect the appeal.

The case of Burr v. Lewis, first above cited, was dismissed at the next term of the court after the case was decided by the Supreme Court. Because the court had no jurisdiction, the judgment was null and void.

We submit that the whole case is *coram non judice*, and must be dismissed for want of jurisdiction.

*W. S. Billups*, for appellant.—That the motion to dismiss is made too late, appellant refers to Rule 26 of this court, and Evans v. Pigg, 28 Texas, 587, showing the uniform practice of this court in this particular, and Powell on Appellate Jurisdiction. The records of this court show the case had been here over four years before appellee's motion was made, and had been finally disposed of upon the merits before it was made.

That the defect in the appeal now complained of has been cured by legislative action. (1 Green. Ev., Sec. 27; Paschal's Digest, Articles 6180, 6181.) And the application of this law to cases like the one at bar has been adjudicated and settled by this court. (Rodgers v. Alexander, 35 Texas, 116; Scranton v. Bell, 35 Texas, 413; Powell on Appellate Jurisdiction; Loyd v. The State, No. 2072, appeal from Cherokee county, opinion by Chief Justice Roberts.)

On the appellate jurisdiction of this court, appellant refers to State Constitution, Article 5, Section 3; 4 Texas, 148; 9 Texas, 459; 11 Texas, 106; Powell on Appellate Jurisdiction.

On jurisdiction in a more general sense, appellant refers to Paine v. Moreland, 15 Ohio, 435, 444; 17 Ohio, 409, 423; 1 Park. Crim., N. Y., 360; 1 Bail. S. C., 294; 4 Ga.,

47; 11 Ga., 453; 14 Ga., 589; 6 Texas, 379; 13 Ill., 432;
1 Iowa, 94; 1 Barbour, N. Y., 449; 7 Humph. Tenn., 209;
4 Mass., 593; 4 McCord C. C., 79; 3 McLean C. C., 587;
4 Washington C. C., 84; 5 Cranch, 288; 8 Wheat., 699;
7 Cal., 584; 19 Ark., 241; 17 Ark., 340; 28 Mo., 319; 6
Cush. Mass., 560; 13 Ga., 318; 20 Howard, 541; 1 Texas,
250; 1 Peters, 449; 2 Washington, 213; 10 Peters, 474;
2 Howard, 243.

The motion itself is *coram non judice*, having been
made not only when the court had no authority to enter-
tain it, by virtue of a previous final disposition of the
cause upon the merits, but "it was made, as disclosed by
the record, at the last term of this court, and was neither
continued nor granted at the term at which it was made,
and this court is not now authorized to grant the motion,
whatever might be its opinion as to the propriety of doing
so during the term at which the judgment was rendered."
(Smith & Cabiness v. Alston, from Houston county, No.
1235, opinion rendered at this term by Justice Moore.)

DEVINE, ASSOCIATE JUSTICE.—The plaintiff, Michael
Halloran, sued the Texas and New Orleans Railroad
Company for damages resulting in injuries received by
him while working in the employ of the company. There
was a verdict under the charge of the court in favor of
defendant, a motion for a new trial made by plaintiff,
which was overruled, notice given of an appeal on the
twenty-ninth day of May, 1869, and on the fifteenth day
of January, 1870, appellant made affidavit *in forma pau-
peris*, and obtained the transcript of the record.

The cause is now presented for our consideration upon
a motion made by appellee to dismiss the appeal for
want of jurisdiction, appellant having failed to file a bond
within the time prescribed by law, or at any time between
the giving notice of an appeal and the present time. The
counsel for appellant urges, in his supplemental brief,

that this court having appellate jurisdiction under the Constitution, "may disregard or not, as it thinks proper, the legislative enactments on the powers of this court." We do not so regard its powers or duties. It is the duty of the court to act in harmony with and to follow the law in all cases where it is not plainly in violation of the letter or spirit of the Constitution. What the duty of the court might be in cases where the appellate jurisdiction conferred by the Constitution was sought to be taken away by direct legislation, or so trammeled as in effect to deprive the citizen of his right to an appeal, it is not now necessary to inquire or discuss. It is sufficient to say that the law is clearly expressed ; and were it otherwise, the decisions of this court on the question embraced in this motion leave no reasonable ground for discussion or doubt on the construction to be given to the act regulating appeals from the District Courts.

This cause as it now stands presents some curious features. The following entries made, and action taken by our predecessors, show the earnestness and persistent efforts made in this court by appellant and appellee:

The counsel for appellee contending throughout his able briefs that the plaintiff, on principle and precedent, ought not to recover from defendant, and the question, according to his opinion, involved millions to the railroad interests of the State.

The briefs of appellant, and the uncontradicted evidence contained in the statement of facts, show that the claim for damages by appellant is sought as a partial compensation from the railroad company for injuries received by him while in the company's employment, the injuries resulting from the action of the engineer of the company, and from neither misconduct nor negligence on the part of appellant. The injuries received having compelled him to remain in the hospital at Houston for five years under great physical suffering, and causing him the

loss of a limb, left him a cripple, unable to labor for his subsistence.

The cause was submitted on briefs and argument, February 15, 1871; the judgment of the District Court reversed and the cause remanded, February 20, 1871; on the twentieth of April of, same year a motion by appellee for a rehearing was granted and the cause was continued. On the eighth of March, 1872, the cause was again submitted on briefs; on the third of May the submission was set aside and the cause continued.

It was again, on the twelfth of February, 1873, submitted on briefs by both parties, and on the fifth of May it was again reversed and remanded.

On the twenty-fourth of June a second motion was made for rehearing, and followed by a motion on the part of appellant to dismiss the motion for rehearing.

The court, on the fifteenth of September, refused to grant a rehearing, and on the twenty-third of that month appellee filed a motion to set aside the judgment of reversal and dismiss the cause for the want of a cost bond, and this at a time when, by reason of the cause being retained in this court by the appellee, the appellant's right to sue out a writ of error is barred.

The motion being continued from the last term of the court, is before us for our action. It is proper to state that in view of all the proceedings in this cause since its first appearance in this court, nothing short of a sense of imperative duty could lead us to give a judgment in favor of appellee's motion to dismiss.

The giving of a bond in the manner and within the time prescribed by law is absolutely necessary, and unless the law is complied with this court has no jurisdiction of the case; the consent of parties cannot give it jurisdiction where its jurisdiction is expressly dependent on the performance of certain acts before the transcript is filed in this court. The dismissal of a cause wherein

the law governing appeals or writs of error has not been complied with is not dependent on the failure on the part of appelle, or defendant in error, to make the motion to dismiss; if it appear to the court that the cause is not rightfully before it, it will be dismissed. (Burr v. Lewis, 6 Texas, 81, and cases there cited; and Lyell v. Guadalupe County, 28 Texas, 57.)

In Prestige v. Prestige, 25 Texas, 585, it was decided that the affidavit (as in this case) of poverty and inability to give a bond as security for costs did not authorize the court to hear the cause, as the law allowing a party to substitute the oath of indigency for an appeal bond applied only in appeals to the District Court, and did not apply in cases appealed to this court.

The act of May 3, 1871, Paschal's Digest, Articles 6180–81, was passed after this appeal had been attempted to be perfected and the transcript filed in this court. The position of appellee, that as this law had been passed before a final judgment was rendered in this court, that it therefore legalized this appeal without bond, and that the law in force governs the action of the court, is not tenable. The law in force at the time the appeal was taken must, in a case of this character, determine the question as to whether the jurisdiction of this court attached, or whether there was properly any such cause before it.

As before stated, the judgment was rendered in May, 1869, the notice of appeal given during the term, the oath of indigency or inability sworn to before the district clerk on the fifteenth of January, 1870, and the transcript delivered to appellant's counsel the same day.

The act referred to was passed nearly two years after this appeal; and the 2d Section provides that, "Upon the filing of the affidavit as prescribed in the 1st Section of this act, the jurisdiction of the appellate tribunal shall thereupon attach as effectually as if bond and security had been given."

This section, taken in connection with the 1st Section of the act, shows clearly that its provisions were intended to apply to cases arising after the passage of the act, and until such affidavit was made the jurisdiction of this court could not attach, in the absence of the bond required by the statute.

The cases referred to by appellant in his brief resisting the motion to dismiss have no bearing on this question. The case of Shelton v. Wade, 4 Texas, 148, turned on the insufficiency of the amount in the cost bond, it being one hundred dollars, and the costs exceeding that amount. A motion to dismiss was made, the cause was continued, and before the next term the appellant gave a new bond. The court, in that case, say : "It is believed to be the settled practice to hold it within the discretion of the court to refuse to dismiss an appeal on account of the mere *informality* or *insufficiency* of an appeal bond where the appellant will immediately give a good and sufficient bond."

The appellant having failed to file a bond for costs, the motion to dismiss, for that reason, is sustained, and the cause dismissed.

DISMISSED.