BALTIMORE & O. R. CO. v. MEYERS.

(Circuit Court of Appeals, Seventh Circuit. March 6, 1894.)

No. 77.

1. COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS.
   Where the jurisdiction of the court below is not the sole question presented by the record, but other questions are involved, the circuit court of appeals is authorized to determine that question, as well as the others.

2. SAME—ILLEGAL COMBINATION OF RAILROAD COMPANIES.
   Jurisdiction over an action against two railroad companies jointly operating a railroad, for injuries inflicted through negligence in its management, is not affected by the illegality of their combination.

3. FEDERAL COURTS—SUIT IN DISTRICT OF DEFENDANT'S RESIDENCE.
   The requirement that suits in federal courts shall be brought in the district where the defendant lives confers an exemption, in the nature of a personal privilege, that may be waived, and has no application to a suit removed from a state court to the federal court by the defendant.

4. CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.
   A railway passenger, on asking the conductor and brakeman of the train whether it would stop at a certain station, was informed that it would stop at a railroad crossing near it, where he could get off. When the train was about a mile from the place, moving at the rate of 35 miles an hour, the passenger, at the invitation of the brakeman, because it was expected that the train would make only a very short stop, went on the platform, and

while waiting there, holding to the car rail, was thrown from the platform by the sudden stopping of the train. *Held*, that the question whether he was negligent was for the jury.

**5. SAME.**—

Rev. St. Ind. § 3928, which relieves railroad companies from liability, in certain cases, for injuries received by passengers when on the platform of a car, does not apply to passengers who, at the invitation of the brakeman, go on the platform for the purpose of alighting.

In Error to the Circuit Court of the United States for the District of Indiana.

This was an action by John E. Meyers against the Baltimore & Ohio & Chicago Railroad Company and the Baltimore & Ohio Railroad Company for personal injuries. A demurrer to the complaint by the last-named defendant was overruled. At the trial the jury found a special verdict, on which judgment was ordered for plaintiff against the Baltimore & Ohio Railroad Company, and that company brought error.

On the 18th of January, 1890, John E. Meyers, the defendant in error, and a citizen of the state of Indiana, brought suit in the circuit court of Lake county, in that state, against the Baltimore & Ohio & Chicago Railroad Company, to recover damages for alleged personal injuries received while a passenger on its railroad. On the 4th day of February, 1890, on motion of the plaintiff, by his counsel, the defendant was ruled to answer on the first Thursday of the then present term of that court; and thereupon, on that day, that company filed its petition and bond in that court for the removal of the cause into the circuit court of the United States for the district of Indiana, upon the ground that Meyers, the plaintiff, at the commencement of the suit and then, was a citizen of the state of Indiana, and the defendant, the Baltimore & Ohio & Chicago Railroad Company, was a corporation organized under the laws of the state of Ohio, and a citizen of that state. The record discloses no order of the state court upon that petition. On the 11th day of February, 1890, the parties appeared by counsel, the rule to answer theretofore made was stricken out, and the plaintiff had leave to amend his complaint, and make the Baltimore & Ohio Railroad Company a party defendant. An amended complaint, conforming to the order of the court, was on that day filed; and thereupon a summons issued against the Baltimore & Ohio Railroad Company, returnable the second day of the next term of the court. On the 28th of April, 1890, all the parties appeared by counsel, and publication was ordered of depositions theretofore taken; and thereafter, on that day, the Baltimore & Ohio Railroad Company filed its petition and bond for the removal of the cause into the United States circuit court for the district of Indiana upon the ground of diversity of citizenship; Meyers being a citizen of the state of Indiana, and the Baltimore & Ohio Railroad Company a corporation under the laws of the state of Maryland, and a citizen of that state. A transcript of the record was filed by the defendants in the United States circuit court on the 6th day of May, 1890, and the cause docketed by order of the court; and thereafter, on the 27th day of May, 1890, it appearing to the court that through misprision the cause had been separated into two parts, the causes were consolidated, and the plaintiff, by leave of the court, filed an amended complaint, as follows: "That he (the plaintiff) was at the commencement of these suits, and ever since has been and is, a citizen of the state of Indiana. That the defendant the Baltimore & Ohio & Chicago Railway Company ever since has been and is a corporation duly organized and existing under the laws of the state of Ohio, and is a citizen of that state, and that the Baltimore & Ohio Railroad Company was at all times and is a corporation organized and existing under and by virtue of the laws of the state of Maryland, and is a citizen of that state. And, complaining, plaintiff says: That on, before, and since the 16th day of October, 1889, there was and ever since has been a railroad engaged in the business of passenger carrier, extending from the city of Chicago, across the state of Indiana, into the state of Ohio,

which is owned and operated by the defendants, sometimes known as the Baltimore & Ohio Railroad Company, and at other times as the Baltimore, Ohio & Chicago Railway Company, which railway line passes through the counties of Laporte, Porter, Lake, and others, which railway line passes through a certain village in the state of Indiana known as Alida. That on said day plaintiff became and was a passenger, for hire, on a certain passenger train of said defendants, to be carried thereon, having purchased a ticket at ――――, in the state of Ohio, entitling him to go to the city of Chicago, for which he paid the usual and proper charges, to wit, $――――. That some time before said train on which plaintiff was so being carried as a passenger as aforesaid arrived at said town of Alida, in Laporte county, Indiana, at which there was another railroad crossing the line of said defendants, upon which the passenger was riding, the plaintiff ascertained that he could stop at and get off said train at said town, and not proceed further on said train over said line, and thereby reach his home more readily than to proceed to the city of Chicago, and so informed the agents, employés, and servants of the defendants in charge of said train, and expressed to them his desire to stop at said town of Alida for that purpose, and inquired whether the train would stop, and whether he could do so. And thereupon, and then and there, the said employés, agents, and servants having charge of and operating and running said train of said defendants over said line informed the plaintiff that he could safely stop at said town, and then and there safely alight and get off of said train, but that he would have to be in readiness to get off of said train immediately on its arrival at said railroad crossing at said town, as the train would only make a very brief and short stop at said railroad crossing, and that such stop would be the only one said train would make at said town of Alida. As said train afterwards approached the said town and crossing, the said agents, servants, and employés of said defendants requested and notified the plaintiff to leave his seat in the car in which he was riding, and to come to and take his place on the platform and steps of said car, so as that he might get off without any delay on the stopping of said train at said town and crossing. And plaintiff obeyed said notification and directions then and there so given him, and proceeded at once to leave his seat in said car, and walk to the door thereof, when the defendants' said servants, employés, and agents opened the door, and he took his place upon the said platform and steps, when, where, and as requested and directed so to do by the agents of the defendants aforesaid; the train being then and there in motion, and not yet having arrived at the stopping place. And while he was so standing upon said steps as directed, and exercising due and proper care and caution to prevent accident to himself, the agents, servants, and employés of the defendants running, controlling, and operating said train, carelessly, negligently, and without notice to the plaintiff, suddenly and quickly, and with great force, brought said train to a sudden and immediate stop, which stop was so quick and sudden, and being without notice to the plaintiff, so that he was, without any fault or negligence on his part, at once, with great force, thrown from said train, with great violence, to the ground, and then and there, without any fault or negligence on his part, struck the ground, and received cuts and bruises upon his head, face, arms, body, and legs, inflicting upon him great pain, and causing permanent and lasting injury to himself, in both body and mind, and disabling him from hereafter following his vocation in life. That by reason of said injuries so wrongfully inflicted upon him, without any fault on his part, he has lost time of the value of one thousand dollars ($1,000), has expended for medicines, medical aid, and nursing one hundred dollars ($100), and has suffered great pain from thence till now, and must continue to suffer during life, and is disabled for life physically, and his mental faculties are permanently injured and impaired. He avers that by reason of the premises aforesaid he was and is damaged in the sum of $15,000, for which he prays judgment."

Afterwards, on the 25th of June, 1890, the Baltimore & Ohio Railroad Company demurred to the complaint, mainly upon the grounds that the complaint did not state a cause of action, and that neither the federal court nor the state court had any jurisdiction over the defendants, or over the cause of action. On the 22d of October, 1890, the demurrer was overruled, and the

two railroad companies, defendants, severally answered, pleading the general issue. The cause was brought to trial in May, 1892, and the jury found a special verdict, which, so far as is material to be stated, is as follows: "On or before the 16th day of October, 1889, the defendant the Baltimore & Ohio Railroad Company was operating a railroad across the state of Indiana, said railroad crossing the track of the Louisville, New Albany & Chicago Railroad Company, in Laporte county, in this district, at a station called Alida. * * * On said October 16, 1889, the plaintiff, John E. Meyers, then and ever since a citizen of the state of Indiana, became a passenger on the passenger train No. 47 of said Baltimore & Ohio Railroad Company, running from Wheeling, West Virginia, over the road aforesaid, to the city of Chicago; taking the train at Fostoria, Ohio, and having a ticket for his passage from thence to the city of Chicago, which was taken up by the conductor during the passage. Said train No. 47 passed through Fostoria in the night, arriving at Alida early in the morning. The plaintiff, desiring to leave the train at Alida, and take the south-bound train of the Louisville, New Albany & Chicago Railroad Company at Alida to his home, at Wheatland, during the night, asked the conductor and also the brakeman of said train, whose duties were to look after and help passengers on and off the train, whether the train No. 47 would stop at Alida; and he was informed by them that the said train would not stop at the platform station, but would stop at the railroad crossing, and that he could get off when the train so stopped. Later in the morning, when the train was within about one mile from Alida, the brakeman came to the front door of the car in which Meyers was riding with a friend, who desired to get off at the same place, and motioned with his hand for them to come forward, leaving the car door open, and he (the brakeman) stepping forward to the platform on the next car ahead. The brakeman gave the plaintiff this notice so that he might get off as soon as the train should stop, because it was expected it would only make a very short stop at said railroad crossing. * * * Plaintiff, in answer to the summons of the brakeman, went forward, and took his place at the front end of the coach in which he was riding, on the platform, the train at the time moving at the rate of thirty-five miles per hour. * * * He took his stand on the north side of the car door, on the platform, with one foot on the platform and one on the first step below,—his back towards the car,—and holding firmly with each hand on the car rail. While standing thus, and waiting for the train to come to a stop so that he might alight, the train, suddenly, quickly, and with great force, and without notice to him, jerked with such force and violence as to loosen the hold of his hands upon the car rail, and throw him from the car violently to the ground, where he fell at a distance of 1,490 feet east of the railroad crossing. Said jerking was occasioned by the sudden, unusual, and unnecessary application of the air brakes. * * * At the time of said accident, plaintiff was holding firmly to said railing, leaning back against the car so as to protect himself, and was using reasonable and ordinary care for that purpose. Said accident to the plaintiff was wholly caused by the carelessness and negligence of the employés of said Baltimore & Ohio Railroad in operating said train, in causing it to suddenly check, and without fault or negligence upon the part of said plaintiff. The defendant had, on the inside of the car door in which the plaintiff was riding, a notice warning passengers from riding on the platform while the train was in motion, but the plaintiff's attention was not called thereto, nor did he see the same. The plaintiff was on the platform, at the time of the happening of the accident, at the invitation of the brakeman, in the discharge of his duties as aforesaid, for the purpose of getting off the train as soon as the same should stop for the crossing. The accident happened on the morning of said October 16, 1889, shortly after sunrise." Whereupon, the plaintiff below filed his motion for judgment against the Baltimore & Ohio Railroad Company. The Baltimore & Ohio Railroad Company moved the court for judgment in its favor on the special finding of the jury, and also moved for a new trial.

The motions of the plaintiff in error were severally overruled. The motion of the plaintiff below for judgment on the special verdict against the Baltimore & Ohio Railroad Company was granted, and judgment ordered against that company, and in favor of the plaintiff, and in favor of the Baltimore &

Ohio & Chicago Railroad Company against the plaintiff. There appear to have been no exceptions taken upon the trial, except that at the conclusion of the testimony the plaintiff in error moved the court to instruct the jury to return a verdict in its favor upon the ground that under the pleadings and upon the testimony the plaintiff was not entitled to recover. The court overruled the motion, to which proper exception was taken. The errors assigned are as follows:

"First. The said circuit court erred in overruling the demurrer of the defendant to the complaint of the plaintiff herein.

"Second. Said circuit court erred in refusing to instruct the jury to return a verdict in favor of the defendant the Baltimore & Ohio Railroad Company upon the ground that under the pleadings and all the testimony the plaintiff was not entitled to recover against it in this case.

"Third. The circuit court erred in overruling the motion of the defendant herein the Baltimore & Ohio Railroad Company for a judgment in its favor upon the special findings of the jury.

"Fourth. The said circuit court erred in rendering judgment in favor of the plaintiff therein, John E. Meyers, and against the Baltimore & Ohio Railroad Company, one of the defendants therein.

"Fifth. The said circuit court erred in overruling the motion of the defendant therein the Baltimore & Ohio Railroad Company for a new trial."

J. H. Collins, for plaintiff in error.

A. C. Harris, Stuart Bros. & Hammond, and Wm. B. Austin, for defendant in error.

Before FULLER, Chief Justice, JENKINS, Circuit Judge, and GROSSCUP, District Judge.

JENKINS, Circuit Judge (after stating the facts). The statute organizing this court (26 Stat. 826, c. 517) provides for appeals or writs of error to the supreme court from the circuit court in any case in which the jurisdiction of the court is in issue, and that in such case the question of jurisdiction shall alone be certified to the supreme court from the court below. The circuit courts of appeals have appellate jurisdiction to review the final decisions of the lower courts in all cases other than those authorized to be removed into the supreme court. In McLish v. Roff, 141 U. S. 661, 668, 12 Sup. Ct. 118, the supreme court construe this provision of the statute, and assert that the defeated party "must elect whether he will take a writ of error, or appeal to the supreme court on the question of jurisdiction alone, or to the circuit court of appeals upon the whole case. If the latter, then the circuit court of appeals may, if it deem proper, certify the question of jurisdiction to this court." Notwithstanding our recent ruling in Manufacturing Co. v. Barber, 9 U. S. App. ——, 9 C. C. A. 79, 60 Fed. 465, that when the sole question presented by the record goes to the jurisdiction of the court below we are without authority to determine the question, we do not doubt, in view of the recent decision of the supreme court in Maynard v. Hecht, 151 U. S. 324, 14 Sup. Ct. 353, that when, as in this case, other questions are involved, we are authorized to determine that question as well as the others. In the case referred to the court say:

"The act did not contemplate several appeals in the same suit, at the same time, but gave to a party in the suit in the circuit court, where the question of the jurisdiction of the court over the parties or subject-matter was raised and put in issue upon the record at the proper time and in the proper way,

the right to a review by this court, after final judgment or decree against him, of the decision upon that question only, or by the circuit courts of appeals on the whole case."

And, even were this otherwise, we cannot doubt that we may consider the question of jurisdiction, so far as necessary to satisfy ourselves whether, in the exercise of the discretion lodged with us, the question of jurisdiction involved is sufficiently grave to warrant its submission to the supreme court upon proper certificate, as required by the ruling in Maynard v. Hecht, supra.

The averment of the declaration is that the two railway companies jointly operate a railroad within the state of Indiana. It is insisted that the state court had no jurisdiction because there is no authority to sue foreign corporations which have formed partnership or other joint combinations for doing business in the state of Indiana, and that there is no authority for any such combination of corporations to be sued in the federal court. It does not appear in what manner the two railway companies are interested in the operation of this railroad; and we deem it entirely immaterial to inquire. The statutes of Indiana provide that a railroad corporation may be sued in any county in which or through which its line of road runs; and it was clearly competent for the state courts to take jurisdiction of a suit of this character, for injuries inflicted in the operation of a railway in Indiana by two or more railway corporations co-operating in the management of the railway, irrespective of any question of power in those companies to form such combinations. If they acted in so doing without authority of law, they are none the less liable for injuries incurred through negligence in their management of the road. One cannot shield one's self from responsibility for wrong done because, in the doing of the wrong, he was acting without authority of law.

So far as concerns the jurisdiction of the federal court, but a word is necessary. The diverse citizenship of the parties is confessed. The respective railroad companies are chartered under the laws of, and are citizens of, states other than the state of Indiana, whereof the plaintiff below was a citizen. The companies removed the cause into the federal court upon the ground of such diverse citizenship. The provision that no civil suit shall be brought in a circuit or district court of the United States, against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant, confers an exemption, in the nature of a personal privilege, that may be waived, and has no application where the defendant to a suit in the state court, who is a nonresident of the state, removes the cause into the federal court of that state.

It is somewhat obscurely suggested that no proper service was had in the state court. The record does not disclose the nature of the service, and it does not appear that any application was made to the state court to vacate the service. The record does make known that the parties appeared upon the application for the publication of depositions. That was probably a general ap-

pearance to the suit; but it is only necessary to observe, with respect to the suggestion of improper service of process, that jurisdiction is only challenged here by demurrer to the amended declaration, and such pleading does not disclose the nature of the service of process, or present for determination any question with respect thereto, and that the filing of such a pleading is a general appearance to the action, and a waiver of any defective service of process.

The objection to the jurisdiction is of such slight merit that we do not feel ourselves warranted in the submission of the question to the supreme court.

The other assignments of error go to the right of action, and may be considered together.

The defendant in error desired to stop at Alida, but was informed by the brakeman, whose principal duty was to assist passengers to embark and to alight from the train, that the stoppage was not ordinarily made at the station at Alida, but that the train necessarily stopped before coming to the railway crossing east of Alida, and that he could leave the train at such crossing. As the train approached and was within a mile of the crossing, the brakeman opened the front door of the car in which the defendant in error was seated, and motioned him to come forward. He took his stand upon the platform, holding firmly to the railing (the brakeman stationing himself upon the rear platform of the forward car), and. as is alleged, and as the jury found, while he was so standing there awaiting the stoppage of the train, and by reason of the sudden, unusual, and unnecessary application of the air brakes, the train suddenly, and with great force, jerked and threw him from the train. The question presented is whether the act of the defendant in error, in so standing upon the platform while the train was in motion, was such an act of contributory negligence as debars a recovery. Undoubtedly, it is more or less perilous for a passenger to stand upon the platform of a car in motion; and if there be no justification for the act he would be chargeable with negligence contributing to his injury, for no one has right to place himself unnecessarily in a situation of manifest danger. Wills v. Railroad Co.. 129 Mass. 351.

We are quite in accord with the principle urged to our attention by counsel for the plaintiff in error, stated by Mr. Patterson in his work on Railway Accidents (section 276), as follows:

"The fact that a servant of the railway invited or even directed the passenger to occupy a position of danger will not render the railway liable for injuries resulting therefrom, if the danger was so obvious that a reasonable man would not have obeyed the servant or accepted his invitation. Nor will the railway be liable to a passenger who is injured in alighting at a dangerous place because the conductor tells him that passengers sometimes alight there, but does not either invite or command the particular passenger to alight at, that point. Nor will the railway be held responsible if the servant was not expressly or impliedly authorized to give the invitation."

It will be observed that one factor in the rule is that the danger must be so obvious that a reasonable man would not have obeyed the servant or accepted his invitation, for the test of negligence, in such case, is what, under the circumstances, a reason-

able man would ordinarily have done. Thus, in Railroad Co.
v. Jones, 95 U. S. 439, a laborer in the service of the company
claimed he had been directed to ride on the pilot of the locomotive,
and in so doing was injured.    The court held that the location was
so obviously a place of peril that there was no justification in his
taking such a risk, if he had been directed so to do, and it was said
that he might as well have obeyed a suggestion to put himself on
the track before the advancing wheels of a locomotive.    But
whether or not one is guilty of negligence in standing upon the
platform of a car in motion is dependent upon the circumstances of
the case, and is determined by the consideration whether a reason-
ably prudent man, under the circumstances existing, would have
done so or not.    The duty of the passenger is dictated and meas-
ured by the exigency of the occasion.    Here the defendant in error
had announced to him, by the act of the brakeman, that the train
was about to come to a stop.    He was notified and directed to
come forward that he might alight so soon as the train had stopped.
He had been warned that the train would stop but for a moment,
and that he must be in readiness to alight promptly.    He was noti-
fied to take the position which he did upon the platform of the car.
He had a right to presume that the train was abating its speed,
with a view to stopping.    We think it was a proper question to
be submitted to the jury whether the defendant in error, under the
circumstances, was guilty of an act. which a reasonably prudent
man in like situation would not have done.    Under the circum-
stances, we cannot say, as a matter of law, that he had no right to
rely on the judgment of the servant of the company in charge of the
car, and could not rightfully assume that in following his direction
he would not expose himself to unnecessary or unusual peril.
Filer v. Railroad Co., 59 N. Y. 351; Railroad Co. v. McCloskey,
23 Pa. St. 526; Railroad Co. v. Kelly, 92 Ind. 371; Railroad Co. v.
Carper, 112 Ind. 26, 13 N. E. 122, and 14 N. E. 352.

There may be instances of voluntary and unnecessary riding
upon the platform of a car in motion, which would be held by the
court, as matter of law, to amount to contributory negligence pre-
venting a recovery.    Each case must be resolved in the light of its
attendant circumstances.    The present case, in our judgment, is
one in which we cannot say, as matter of law, that the act of the
defendant in error was unjustifiable.    The question of contribu-
tory negligence is generally a question of mixed fact and law, to
be resolved by the jury under proper instructions from the court,
except where the negligence is so clear that the court would be
authorized to withdraw the consideration of the question from the
jury, and determine that negligence as matter of law.    Railroad
Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569; Elliott v. Railway
Co., 150 U. S. 245, 14 Sup. Ct. 85.    This we cannot do in the pres-
ent case.    The company was clearly responsible for the act of the
brakeman in inviting the passenger to the platform, under the cir-
cumstances alleged in the declaration and found by the jury.    A
corporation is responsible for acts of an agent performed in the

discharge of duty within the general scope of his agency, although the particular act may not have been directly authorized. It was the duty of the brakeman to assist passengers to alight. His invitation to the passenger was in the discharge of that duty. Although, in so doing, he violated a rule of the company, and thereby caused injury to the passenger, the danger of complying with the invitation not being obvious, the master cannot escape liability for the act of the servant performed in the discharge of his duty.

It is urged that there is exemption from liability here by reason of the provision of the statute of Indiana (Rev. St. § 3928) which declares:

"In case any passenger on any railroad shall be injured on the platform of a car, or any baggage, wood, or freight car in violation of the printed regulations of the company posted up at the time in a conspicuous place inside of its passenger car then in the train: such company shall not be liable for the injury, provided said company at the time furnished cars sufficient for the proper accommodation of the passengers."

It was found by the jury that, on the inside of the door of the car in which the defendant in error was riding, the company had placed a notice warning passengers from riding on the platform when the train was in motion. This statute was obviously intended to absolve the company from responsibility for damages to passengers imprudently and improperly standing or riding upon the platform; but we cannot conceive that it was designed to apply to a case of a passenger justifiably leaving a car, the platform being the only mode of egress, and the defendant in error being there, by invitation of the servant of the company, for the purpose of alighting. He was not, we think, riding upon the platform, within the meaning of the statute. Buell v. Railroad Co., 31 N. Y. 314; Railroad Co. v. Miles, 88 Ala. 256, 6 South. 696.

The other objections urged to the judgment are of minor importance, and we do not find it necessary to consider them.

Our conclusion is that the judgment must be affirmed.