THE PRESTO.

(Circuit Court of Appeals, Fifth Circuit. April 11, 1899.)

No. 796.

1. JURISDICTION OF CIRCUIT COURT OF APPEALS — QUESTIONS OF JURISDICTION OF DISTRICT COURT.

Where want of jurisdiction is one ground, among others, of exceptions to a libel in the district court, though the one in which the exceptions are sustained and the libel dismissed, but the jurisdictional question is not certified, the circuit court of appeals may entertain an appeal from the decree of dismissal.

2. COSTS ON APPEAL—NECESSITY OF BOND.

The fact of poverty does not, of itself, relieve an appellant of the necessity of giving an appeal bond, but there must be statutory authority for an appeal in forma pauperis.

3. SAME—FEDERAL STATUTE.

Act July 20, 1892 (27 Stat. 252, c. 209), which provides that a plaintiff in a federal court, who is a citizen of the United States, "may commence and prosecute to conclusion" any suit without prepayment of costs or fees, on making an affidavit of poverty and of merits, and that he "shall have the same remedies as are provided by law in other cases," does not authorize an appeal to the circuit court of appeals without giving security for costs, after an adverse decision by the court of original jurisdiction.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

This is a libel in rem to recover for material and supplies furnished the schooner yacht Presto. The claimant filed the following exceptions: "(1) That the court is without jurisdiction, inasmuch as the service rendered to a vessel of the character of the Presto is not cognizable in a court of admiralty; and because the said Presto is not now, and for a long period of time prior hereto has not been, engaged in commerce and navigation, but, on the con-

trary, is a vessel of less than five-tons burden, not required to be registered, enrolled, and licensed. (2) That there is misjoinder of parties libelants. Wherefore claimant prays that these exceptions be maintained, and the libel filed herein be dismissed, at libelants' costs, and for general relief." After taking testimony, the district court entered a decree as follows: "The exception in this cause filed by the claimant came on to be heard at this term, and after argument by the proctors for the parties, respectively, was submitted, when the court took time to consider. Upon due consideration thereof, and for the reason that it is not shown that said yacht Presto had any commercial relations to trade, it is ordered, adjudged, and decreed that the libel in this cause be, and it is, dismissed, with costs." From this decree the libelants below appealed to this court, which appeal appears to have been allowed by the district judge without bond, on an affidavit to the effect that the libelants were citizens of the United States, and, because of their poverty, were unable to give an appeal bond, and that they believe they are entitled to the relief they seek by the appeal. In this court the claimant moved to dismiss the appeal, because (1) the sole question involved is one of jurisdiction in the district court only, hence this court is without jurisdiction to determine the same; and, (2) if the court is vested with jurisdiction to hear and determine this cause, then the appeal should be dismissed, because the appellants have not filed an appeal bond as required by law. The case was submitted on the motion to dismiss and on the merits.

J. A. Woodville, for appellants.
John D. Grace, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The exceptions in the district court involved more than the question of jurisdiction, and, although the libel was dismissed in the district court for want of jurisdiction, the question of jurisdiction was not certified. Under these circumstances, and considering McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, we are of opinion that we may entertain jurisdiction of this appeal, if the same is properly brought.

Section 11 of the act of congress approved March 3, 1891 (26 Stat. 826), creating the circuit court of appeals and defining its jurisdiction, provides as follows:

"And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act and in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error."

Section 1000, Rev. St., is as follows:

"Every justice or judge signing a citation on any writ of error, shall except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

The fact that the appellant is a pauper does not, of itself, relieve him of the necessity of giving an appeal bond, and the general rule is that there must be express statutory authority for an appeal in forma pauperis. Butler v. Jarvis, 117 N. Y. 115, 22 N. E. 561; Halloran v. Railroad Co., 40 Tex. 465; Fite v. Black, 85 Ga. 413, 11 S. E. 782.

The contention in this case is that the act of congress approved July 20, 1892 (27 Stat. 252, c. 209), as follows:

"Section 1. That any citizen of the United States entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks by such suit or action, and setting forth briefly the nature of his alleged cause of action.

"Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section, shall be punishable as perjury as in other cases.

"Sec. 3. That the officers of court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases."

—Applies to cases on appeal as well as to the commencement and prosecution of a suit in the court of original jurisdiction. Stress is laid upon the terms, "may commence and prosecute to conclusion," in the first section, and "the plaintiff shall have the same remedies as are provided by law in other cases," in the third section.

In our opinion, the statute does not warrant the construction claimed. Even if express statutory authority is not required to dispense with an appeal bond, we think that the object and purpose of the statute in question was to give a poor person, unable to advance costs, an opportunity to have his case inquired into by a responsible court; and we cannot infer that it was the intention of congress that after the commencement and prosecution of the case through the court of original jurisdiction the case could thereafter be carried through all the appellate courts, without security for the costs and fees necessarily incurred. It would be a decided injustice to the adverse party to make him responsible for all costs in the court of original jurisdiction, and thereafter, without the usual security, give his opponent the right to carry him through the appellate courts. There are decisions in the supreme court which hold that the omission to give a bond for costs at the time the appeal was taken does not necessarily avoid the appeal, and the appellant may be allowed to file a bond afterwards, within a reasonable time. Anson v. Railroad Co., 23 How. 1; Davidson v. Lanier, 4 Wall. 447, 454; Seymour v. Freer, 5 Wall. 822. The affidavit filed in the court below shows that the parties desiring to appeal cannot give a bond. It seems, therefore, a useless delay to give them time within which to file a bond. The appeal is dismissed.