### THE JOSEPH B. THOMAS.

(District Court, E. D. Pennsylvania. January 9, 1908.)

ADMIRALTY—COSTS—ACTION IN FORMA PAUPERIS—STIPULATION FOR COSTS ON APPEAL.

Where, in a suit in admiralty brought in forma pauperis, a decree was entered dismissing the libel, from which an appeal was taken, and a surety entered into a stipulation conditioned that appellant should "answer all damages and costs" if he failed to make his plea good, on an affirmance of the decree by the appellate court. "with costs," the respondent is entitled to a decree against the libelant and the surety for his costs in both the appellate and district courts.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1636.]

In Admiralty. Objections by surety to proposed decree.

Joseph Hill Brinton, for libelant.

J. Frank Staley, Francis C. Adler, and John F. Lewis, for respondent.

J. B. McPHERSON, District Judge. This was an action brought in forma pauperis, which was ended in the District Court by a decree dismissing the libel, with costs. 136 Fed. 693. An appeal was thereupon taken, and the decree below was affirmed (148 Fed. 762, 78 C. C. A. 428); the order of the Circuit Court of Appeals being as follows:

"It is now here ordered, adjudged, and decreed by this court that the decree of the said District Court in this cause be, and the same is hereby, affirmed, with costs, and that the said respondent, etc., recover against the said libelants, etc., $20 for his costs herein expended, and have execution therefor."

The appeal was allowed by the District Court upon a petition in the ordinary form, and on the same day Lewis Brinton entered into

a stipulation as surety in the sum of $250, which recited the fact that an appeal had been taken, and then provided that:

"If the said appellant shall prosecute his appeal to effect, and answer all damages and costs if he fails to make his plea good, then this stipulation shall be void; otherwise, to be and remain in full force and virtue."

In strict accordance with the terms of this stipulation, the appellee now asks that the following decree be entered by the District Court:

"(1) That the judgment of the said Circuit Court of Appeals be, and the same is hereby, made the judgment of this court.

"(2) That the respondent recover from Joseph Punter et al., libelants, and from Lewis Brinton, their stipulator, the sum of $124.25, his costs in this court and in the said Circuit Court of Appeals, as taxed, and have execution therefor."

The surety objects to so much of the proposed decree as permits execution against him for the costs in the District Court ($100.75), taking the position that, as the suit was brought in forma pauperis and was prosecuted to final judgment in the District Court under the protection of the act of 1892, the costs in that court cannot be recovered from him now, because they could not have been recovered from his principals. I do not agree with this position. Whether the libelants were entitled to appeal in forma pauperis is a question upon which the federal courts have not agreed, as may be seen by an examination of The Presto, 93 Fed. 522, 35 C. C. A. 394, Brinkley v. Railroad Co. (C. C.) 95 Fed. 345, Volk v. Sturtevant Co., 99 Fed. 532, 39 C. C. A. 646, Reed v. Penna. Co., 111 Fed. 714, 49 C. C. A. 572, and the cases cited in these decisions. But even if it be assumed, for present purposes, that an appeal in forma pauperis is allowed by the act of 1892, the appellants did not avail themselves of this privilege, and the surety voluntarily entered into an obligation which bound him to answer "all damages and costs," if the appeal should fail, and if the appellants should not themselves satisfy the damages and costs. The bond having become absolute by a breach of the condition, I can see no reason for relieving the surety of his plain and direct engagement. The fact that the libelants were relieved by statute of the obligation to pay costs in the District Court did not extinguish the costs themselves, and it was competent for the surety to assume their payment upon lawful consideration. This he did, and he may now be properly called upon to make his assumption good. The point was ruled, I think, in the following cases: McClaskey v. Barr (C. C.) 79 Fed. 408, and Persons v. Wirgman (C. C.) 140 Fed. 207.

The clerk is directed to enter the decree proposed by the respondent.