GREAT NORTHERN RY. CO. v. BLAINE COUNTY, NEB., et al.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1918.)

No. 5061.

COURTS ⊜405(5)—FEDERAL COURTS—CIRCUIT COURT OF APPEALS—JURISDICTION.

Where suit was dismissed by District Court solely on ground of want of jurisdiction over subject-matter, Circuit Court of Appeals is without jurisdiction to review such decree.

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Suit by the Great Northern Railway Company against Blaine County, Neb., and others. From a decree dismissing the suit, complainant appeals. Appeal dismissed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sanford H. E. Freund, of St. Paul, Minn. (E. C. Lindley, of St. Paul, Minn., on the brief), for appellant.

Willis E. Reed, Atty. Gen. (George W. Ayres, Sp. Asst. Atty. Gen., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

SANBORN, Circuit Judge. Great Northern Railway Company, a corporation, brought a suit in equity against Blaine county, Neb., and its county treasurer, as such officer and as an individual, against 13 other counties in that state, and their respective county treasurers as such officers and as individuals, and against each of the members of the state board of equalization and assessment of the state of Nebraska, to enjoin them from collecting certain taxes for the year 1914 levied against the complainant in the 14 counties, aggregating $16.40. The complainant alleged, as grounds of jurisdiction of the court below, diversity of citizenship and the threatened violation of the Fourteenth Amendment and other parts of the Constitution of the United States, by the proposed collection by the defendants of these taxes which it averred were illegal and void. Regarding the amount involved in the suit, it alleged the amount of the taxes levied against it in each county, from which it appears that the largest amount levied in any county was $2.97; that the defendants have proceeded to make like illegal and unconstitutional levies for the year 1915, and that they will continue to make and collect such levies unless enjoined; that these levies have been made against it, although it does and has done no business in that state, has no property, and has operated no cars in that state, because, pursuant to a contract it has with the Pullman Company, it temporarily loaned to that company during the year 1914, and that company operated across the state of Nebraska, 10 of its sleeping cars in through interstate trains on the Chicago, Burlington & Quincy Railroad, 4 for a single round trip, 1 for 3 round trips and 5 for 12 round trips; that the complainant's failure to perform its contract with the Pullman Company would injure it in excess of $5,000; that the defendants threaten to seize one or more of its cars in order to collect these taxes, thereby rendering it impossible for the Railroad Company to furnish cars pursuant to its contract with the Pullman Company; that each of its sleeping cars is worth $10,000; that any seizure of one of them to collect these taxes would be an interference with and a deprivation of its right under the Constitution and laws of the United States to loan its cars to the Pullman Company for temporary passage across the state of Nebraska in continuous trips in interstate commerce; and that the value of that right to loan its cars in the way provided in its contract is in excess of $10,000. The complainant alleged carefully and in detail the statutes of Nebraska and the proceedings of the officers of that state under which these taxes were levied, and the facts showing that the complainant was without any adequate remedy at law; but in the view this court is compelled to take of this case it is unnecessary to recite these averments.

The defendants moved to dismiss this suit upon the ground that the complaint did not state facts sufficient to constitute a cause of action in favor of the complainant and against the defendants, or any of them, and upon consideration of this motion the court below rendered a final decree, the material part of which is in these words:

"The court finds that the suit does not really involve a controversy within the jurisdiction of this court, and the suit is therefore dismissed for lack of jurisdiction, at plaintiff's costs."

The complainant appealed and assigned as error: (1) That the court erred in dismissing the suit; (2) that it erred in dismissing the suit for lack of jurisdiction; (3) that it erred in ruling that the amount in dispute in the suit was less than $3,000; and (4) that it erred in ruling that the amount in dispute in the suit was not sufficient to give the court jurisdiction.

From the facts which have now been stated it clearly appears that this is a case which was dismissed by a final decree of the District Court for want of power of that court as a federal court to take jurisdiction of its subject-matter, without considering or deciding any other question, so that the only issue of law presented by the record for review is this question of the jurisdiction of the court below. When the case was argued in this court the question whether or not this court had jurisdiction to review the decision of the court below of this question of that court's jurisdiction at once suggested itself and was called to the attention of counsel for the plaintiff, and they have cited, in support of the jurisdiction of this court, Mississippi Railroad Commission v. Illinois Central R. R. Co., 203 U. S. 335, 342, 27 Sup. Ct. 90, 51 L. Ed. 209, American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859, Baltimore & Ohio R. R. Co. v. Meyers, 62 Fed. 367, 371, 10 C. C. A. 485, Rust v. United Waterworks Co., 70 Fed. 129, 132, 17 C. C. A. 16, and The Presto, 93 Fed. 522, 35 C. C. A. 394. The opinions in these cases have been read and carefully considered, but they have failed to convince that the case in hand is within the jurisdiction of this court. This rule is so firmly established by repeated and controlling decisions of the federal courts that in our opinion it is not now open to discussion or debate.

In every case in which a party is defeated by a final judgment, order, or decree of a United States District Court, on the sole ground that that court has no jurisdiction as a federal court of the parties or of the subject-matter, and the record discloses the fact that the jurisdiction of that court was decided, and no other question was decided, so that the only question the record presents for review is the jurisdiction of the United States District Court, the Supreme Court has exclusive jurisdiction, and the Court of Appeals has no jurisdiction to review that judgment or decree. The case in hand falls under this rule. Davis & Rankin Bldg. & Mfg. Co. v. Barber, 60 Fed. 465, 9 C. C. A. 79; Cabot v. McMaster, 65 Fed. 533, 13 C. C. A. 39; United States v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 39, 39 L. Ed. 87; Davis v. Cleveland, C., C. & St. L. Ry. Co., 156 Fed. 775, 777, 84 C. C. A. 453, 455; Davis v. C., C., C. & St. L. Ry. Co., 217 U. S. 157, 169, 171,

172, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 196, 197, 60 C. C. A. 80, 81; Evans-Snider-Buel Co. v. McCaskill, 101 Fed. 658, 660, 41 C. C. A. 577, 579; Dudley v. Board of Com'rs of Lake County, 103 Fed. 209, 43 C. C. A. 184; Hays v. Richardson, 121 Fed. 536, 537, 57 C. C. A. 598; Campbell v. Golden Cycle Min. Co., 141 Fed. 610, 612, 73 C. C. A. 260, 262; Morrisdale Coal Co. v. Pennsylvania R. R. Co., 183 Fed. 929, 939, 944, 106 C. C. A. 269, 279, 284.

In the leading case of United States v. Jahn, 155 U. S. at page 114, 15 Sup. Ct. at page 41 (39 L. Ed. 87), the Supreme Court laid down certain rules for determining the jurisdiction of that court and of the Courts of Appeals to review decisions on the jurisdiction of the District Courts rendered by those courts, the first two of which read in this way:

(1) "If the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court." (2) "If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the question of jurisdiction arises, the Circuit Court of Appeals may certify it."

Turning now to the cases cited by counsel for the plaintiff (American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 283, 21 Sup. Ct. 646, 45 L. Ed. 859, and Baltimore & Ohio R. Co. v. Meyers, 62 Fed. 367, 371, 10 C. C. A. 485), they do not rule the case in hand, because the facts in those cases bring them under the second rule, while the facts in this case place it under the first. Again, it is an established rule, for the determination of the jurisdiction of the Courts of Appeals and the Supreme Court to review decisions by the District Courts of their jurisdiction, that where the final decree or order challenged adjudges the jurisdiction of the District Court alone, and no other question, the Supreme Court has jurisdiction; that where it adjudges the jurisdiction of the District Court and other questions, the Courts of Appeals have jurisdiction to review both the jurisdictional question and the other questions determined. For example, a general order or decree for the plaintiff or the defendant, without more, is an adjudication of the question of jurisdiction and all other questions in the case. Indian Land & Trust Co. v. Shoenfelt, 135 Fed. 484, 487, 68 C. C. A. 196, 198. From such a decree the Court of Appeals might take jurisdiction of and decide both the question of jurisdiction and all the other questions necessary to a determination of the validity of the decree. The cases of Mississippi Railroad Commission v. Illinois Central R. R. Co., 203 U. S. 335, 27 Sup. Ct. 90, 51 L. Ed. 209, and Rust v. United Waterworks Co., 70 Fed. 129, 17 C. C. A. 16, are of this class, and they do not govern the decision in the case at bar, because in this case the record and the decree of the court conclusively show that the only question decided or adjudged by the court below was the question of the jurisdiction of that court, and all the other questions in this case were left without decision or adjudication.

In The Presto, 93 Fed. 522, 35 C. C. A. 394, the only other case cited by counsel for the plaintiff, there was a libel in rem; the claimant excepted on the grounds that the court had no jurisdiction and that there was a misjoinder of parties. The District Court sustained the first exception, and the Court of Appeals of the Fifth Circuit, without discussion of the legal issue, remarked that it was of the opinion it could entertain jurisdiction, because the exceptions in the lower court involved other questions than that of the jurisdiction of that court, although those other questions were not decided below, and then it dismissed the appeal for lack of an appeal bond. This decision was rendered in 1899, and, so far as the court can ascertain, has not been followed. In view of the great weight of authority to the contrary, to which reference has been made in this opinion, this court is unwilling to be the first to follow that lead. The remarks of Circuit Judge Gilbert in Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 109 Fed. at page 498, 48 C. C. A. at page 350, stated the law applicable to this case, as it has long been established, when he said:

"It is a case in which the question of the jurisdiction of the Circuit Court only is in issue. That question was decided in favor of the defendants, and the case was thereby disposed of. Although there were other questions pending before the court at the time of ruling upon the question of jurisdiction and dismissing the suit, those questions have not been determined, and are not involved in the present appeal. They are questions upon which the judgment of the Circuit Court has not been taken. It cannot be assigned as error that the Circuit Court failed to deny the appellees' motion for an extension of time within which to take testimony, or that it failed to allow the appellant's motion for a decree upon the pleadings. There has been no decision of any question in the case except the question of jurisdiction. The act creating the Circuit Courts of Appeals does not give them jurisdiction to review a judgment of a Circuit Court which sustains objection to its jurisdiction, and on that ground dismisses the suit. The question which is before us is not affected by the fact that the Circuit Court, at the time of ordering such dismissal, had before it other motions and questions which, for the reason that it denied its own jurisdiction, it never decided."

Finally, the Supreme Court has decided that it has jurisdiction on a direct appeal to or writ of error from it to review an order or decree of dismissal of a suit by the District Court on the sole ground that it has no jurisdiction of the suit because the amount involved is less than the amount required. Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682. The unavoidable conclusion is that this court is without jurisdiction to review or determine the validity of the decree which dismissed this suit on the sole ground that that court had no jurisdiction thereof, and decided no other question.

The appeal must therefore be dismissed; and it is so ordered.