### CLEVELAND CLIFFS IRON CO. v. VILLAGE OF KINNEY et al.

(Circuit Court of Appeals, Eighth Circuit. August 7, 1920.)

No. 5559.

1. **Appeal and error ⊙�415;23—Court must consider jurisdictional question, not presented.**

   The Circuit Court of Appeals must consider the question of its jurisdiction to hear the appeal, though nothing was said concerning it in the briefs or oral arguments.

2. **Courts ⊙�415;405(5)—Circuit Court of Appeals has no jurisdiction to review decree, dismissed for want of jurisdiction.**

   Under Judicial Code, § 238 (Comp. St. § 1215), the question of the jurisdiction of the District Court must be certified to Supreme Court, and the Circuit Court of Appeals has no jurisdiction thereof by section 128 (section 1120); so that the Circuit Court of Appeals cannot hear an appeal from decree of District Court, dismissing a bill for want of jurisdiction.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Suit by the Cleveland Cliffs Iron Company against the Village of Kinney and others. From a decree dismissing the suit for want of jurisdiction, plaintiff appeals. Appeal dismissed.

See, also, 262 Fed. 980.

W. D. Bailey, of Duluth, Minn. (Washburn, Bailey & Mitchell, of Duluth, Minn., on the brief), for appellant.

Warner E. Whipple, of Duluth, Minn. (Frank E. Randall, of Duluth, Minn., and Luke F. Burns, of Virginia, Minn., on the brief), for appellees.

Before CARLAND and STONE, Circuit Judges, and JOHNSON, District Judge.

⊙�415;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CARLAND, Circuit Judge.  [1] This is an appeal from a decree entered in the above-entitled action, reading as follows:

"Ordered, adjudged, and decreed as follows:  That the original bill and amended and supplemental bill are hereby dismissed for want of jurisdiction of this court."

The case was argued and submitted to this court at the present term thereof.  Nothing was said in the briefs or oral arguments of counsel concerning the jurisdiction of the court to hear the appeal.  We must, however, have jurisdiction to hear the appeal, or we can do nothing except to dismiss the same; therefore it becomes our duty to consider the question of jurisdiction on our own motion.

[2] The record shows that the trial court in its opinion discussed two questions:  (1) Whether or not the suit was one where the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000.  This question was decided in favor of the defendant.  (2) Whether or not the subject-matter of the suit was of equitable cognizance.  This question was also decided in favor of the defendant.  When the trial court came to enter its judgment, it did not dismiss the complaint for want of equity, or on the merits, but entered a decree as above set forth.

A decree dismissing the complaint for want of equity would be reviewable here, as the question of jurisdiction in such a case would not be a question of jurisdiction within the meaning of section 238, Judicial Code (Comp. St. § 1215); but such a decree was not entered.  We must accept the decree as entered, namely, that the original bill and amended and supplemental bill were dismissed for want of jurisdiction of the trial court.  In such a case, under section 238, supra, the question of jurisdiction alone should be certified to the Supreme Court from the court below for decision.  Under section 128 of the Judicial Code (section 1120), this court has no jurisdiction in such a case.  Great Northern Ry. Co. v. Blaine County, Nebraska, et al., 252 Fed. 548, 164 C. C. A. 464, wherein this court decided that, where a suit was dismissed by the District Court solely for want of jurisdiction over the subject-matter, this court was without jurisdiction to review such decree.  Many cases are cited by this court in support of the position here taken.

Appeal dismissed.