## THE OCCIDENTAL.

### DIOCHET v. THE OCCIDENTAL.

(District Court, D. Washington, N. D. May 2, 1898.)

1. SEAMEN—WAGES—FORFEITURE.
   The mere failure of the master to punish a seaman for neglect of duty, and unauthorized absences in port for purposes of dissipation, implies no consent to a subsequent termination of the contract by the act of the seaman in leaving the vessel without permission, and filing a libel for wages.

2. SAME—SHIPPING ARTICLES—INDEFINITE VOYAGE.
   Shipping articles described the voyage as follows: "From the port of San Francisco, Cal., to any port or ports on Puget Sound or British Columbia for orders. At Puget Sound or British Columbia, vessel may be ordered to load cargo for any port or ports in Alaska, as the master may direct. If the vessel is ordered to Alaska, the trips between Puget Sound or British Columbia and Alaska to be repeated one or more times; thence to San Francisco for final discharge, either direct, or via one or more ports on the Pacific coast,—for a term of time not exceeding six months." *Held*, that the articles set forth the nature, duration, and termination of the voyage with sufficient certainty to satisfy Rev. St. § 4511.

This was a libel in rem by Charles Diochet against the steamship Occidental to recover seaman's wages.

P. P. Carroll, for libelant.

J. B. Metcalfe, for claimant.

HANFORD, District Judge. On February 1, 1898, at the port of San Francisco, the libelant signed shipping articles whereby he engaged himself to go as an able seaman on the American ship Occidental for a term and voyage described as follows:

"From the port of San Francisco, Cal., to any port or ports on Puget Sound or British Columbia for orders. At Puget Sound or British Columbia, vessel may be ordered to load cargo for any port or ports in Alaska, as the master may direct. If the vessel is ordered to Alaska, the trips between Puget Sound or British Columbia and Alaska to be repeated one or more times; thence to San Francisco for final discharge, either direct, or via one or more ports on the Pacific coast,—for a term of time not exceeding six months."

The vessel having proceeded to Seattle, and being there detained a number of weeks, the libelant was assigned to duty as watchman; but he became negligent of his duties, devoting his time principally to the occupation of getting drunk. On a number of occasions he demanded payment of his wages, and was insolent to the captain. The only response made to his demand for wages by the captain was an emphatic refusal, coupled with a command to the libelant to go to his place in the ship, and attend to his duties. Having left the ship without permission of the captain, the libelant commenced this suit in rem to recover wages; and, in presenting his case, his counsel

rests his claim for wages without having fulfilled his contract on two grounds: First, the failure of the captain to punish him for his neglect of duty, and for leaving the vessel from time to time for the purpose of dissipation, gives rise to an implication of consent on the part of the master to the termination of the contract; second, the contract is totally void, because no particular voyage is described in the shipping articles.

As to the first point, it is nothing less than effrontery for the libelant to claim that he has gained any legal advantage by reason of mere forbearance on the part of the captain, when he might, with justice, have subjected the libelant to punishment for his dissolute conduct.

In support of his second point, counsel has cited the case of Snow v. Wope, Fed. Cas. No. 13,149, in which Mr. Justice Curtis held that a description of a voyage in shipping articles as being "from the port of Boston to Valparaiso, and other ports in the Pacific Ocean, at and from thence home direct, or via ports in the East Indies or Europe," is not a compliance with the requirements of the first section of the act of July 20, 1790 (1 Stat. 131); and the learned justice, in commenting upon the shipping articles, said:

"It would have been within this description, after leaving Valparaiso, to sail to any number of ports on the Pacific Ocean, then to visit in succession every port in the East Indies or in Europe, and to occupy such time in their passages, and in staying in the several ports, as the master, under the direction of the owner of the ship, might think fit. It is manifest that no definite and specific voyage, nor even any limited number of voyages, is here described; but liberty exists to carry on any number of voyages, during such time as the vessel may last, at the discretion of the master, provided that the first port to which the vessel goes is Valparaiso, and her ultimate port of destination is Boston."

The act of 1790, referred to, prescribed that shipping articles should declare "the voyage or voyages, term or terms of time, for which seamen or mariners should be shipped." By the acts of August 19, 1890, and February 18, 1895 (2 Supp. Rev. St. p. 377), sections 4511, 4512, Rev. St., are extended and made applicable to contracts for the shipping of crews for American vessels engaged in the coastwise trade, and in trade between ports of the United States and of the dominion of Canada. Hence the question as to the validity of this contract is to be determined by reference to section 4511, Rev. St., which prescribes that every agreement of seamen to serve in American vessels shall set forth definitely, among other things, "the nature and so far as practicable the duration of the intended voyage or engagement, and the port or country at which the voyage is to terminate." Both the law and terms of the contract which govern the decision of Snow v. Wope are so widely different that there can be no application of the doctrine of that decision to the case now under consideration. The libelant's contract fixes definitely the maximum duration of the time for which he engaged himself to serve in the Occidental. It indicates with reasonable clearness the nature of the different voyages to be made during said time, and specifies the port of final discharge. It is my opinion that there is no ground whatever for this suit. Let a decree be entered dismissing the case, with costs.