THE OCCIDENTAL.

(District Court, D. Washington, N. D.   May 12, 1900.)

1. SEAMEN—SERVING WITHOUT VALID CONTRACT—RIGHT TO LEAVE VESSEL.

Seamen who go on board a vessel, and enter upon the work as mariners voluntarily, but without any valid contract, may be required by the master to perform such services as are necessary to the navigation of the vessel while at sea, but they are not bound to continue with the vessel through the voyage, and may leave it at any port without forfeiting the wages earned, although they cannot in such case require the owner to return them to the port of shipment.

2. SAME—SHIPPING ARTICLES—VALIDITY.

Shipping articles which provide for a voyage to one or more foreign ports, or for a coasting voyage, at the option of the master, do not sufficiently state the nature of the voyage, as required by Rev. St. § 4511, and are void.

In Admiralty.   Suit by seamen to collect wages.

M. M. Madigan, for libelants.
Gorham & Gorham, for claimant.

HANFORD, District Judge.   This is a suit to collect seamen's wages which the libelants claim to have earned by services on the ship Occidental, on a run from San Francisco to Seattle.   The owner of the ship appears as claimant, and has filed an answer in which he resists the demand of the libelants on the ground that they became bound, by signing articles for a definite period of time, to continue in the service of the vessel to the end of the specified period, and until the return of the vessel to San Francisco, the port of discharge, and that, being so bound to service, they were guilty of continued willful disobedience of lawful commands of the captain, and by such disobedience they have forfeited the entire amount of their wages.   I find from the evidence that during the run from San Francisco to Seattle the libelants faithfully performed their duties as seamen in doing the work required of them, which was necessary to be done in navigating the vessel, but on two occasions they refused to do seamen's work which was not strictly necessary in maneuvering the vessel or for her preservation, and while at sea they made known their intentions to leave the vessel on arrival at Seattle. After coming to anchor in the harbor, they did repeatedly refuse to work in discharging ballast, and in justification of their refusal to do work other than what was necessary in the navigation of the vessel they charge that the shipping articles for the voyage are unlawful and void, and that the captain imposed upon them by leaving San Francisco without having on board a full complement of men.   I find from the evidence that the captain made a bona fide attempt to employ 10 seamen for the voyage, and that 10 men signed the shipping articles in the presence of the deputy United States shipping commissioner, but 3 of those who signed failed to report for duty.   When the ship was ready to cast off her moorings, the captain was informed by the mate that there was a full crew on board, and then, without taking the trouble to muster the crew on deck, the vessel proceeded on her way, although there were then on

board only 7 of the crew who had signed the shipping articles, and, in place of the absentees, the ship agent who had undertaken to supply the crew sent the libelants Knowles and Anderson on board, but these two men did not sign the shipping articles until the vessel was at sea. In view of these facts, the claimant contends that the shipping articles are valid, and that the ship did not leave port without a sufficient crew.

As to the libelants Knowles and Anderson, it is clear that, although they went on board the vessel voluntarily, they were not bound to continue in the service of the vessel during the voyage, nor for any definite term. The captain could require them to do work necessary to be done in the proper navigation of the vessel while she was at sea, but they were free to leave the vessel at any place, and, having served as mariners, they are entitled to receive compensation therefor. Rev. St. U. S. § 4521.

I will only consider one of the various grounds assigned for impeaching the validity of the shipping articles. The voyage for which the libelants were hired is described as follows: "From the port of San Francisco to Honolulu, H. I., and such other foreign ports as the master may direct, via British Columbia or Puget Sound, thence to return to San Francisco for final discharge via British Columbia or Puget Sound. If the vessel does not go to Honolulu, H. I., or other foreign port, she will return direct to San Francisco, Cal., from British Columbia or Puget Sound for final discharge, as directed by the master." It is clear that the shipping articles provide for a voyage to one or more foreign ports, or for a coasting voyage, at the option of the master, and I consider the objection to be fatal to the contract. Rev. St. U. S. § 4511, in terms which are mandatory, requires that shipping articles shall state the nature of the voyage. At the time of engaging themselves in the service of the vessel, seamen have a right to know whether they are engaging for a foreign voyage or merely to serve in domestic trade. A captain may lawfully hire a crew to proceed in a vessel from one port of the United States to another, and then to a foreign port and return to the port of discharge via a number of intermediate ports, but the law does not permit such duplicity in shipping contracts as we have in this instance, where, by the specified terms of the shipping articles, the master is given full control to take the vessel and her crew on a long voyage to one or more foreign ports, or make a short run to a near-by domestic port and return to the port of discharge. It is the intention of the law to prohibit the shipment of seamen without their consent, and, to make it appear that the seamen have consented to enter the service of the vessel for a voyage or for a specified term, it is essential, and the law requires, that the shipping articles specify clearly the nature of the intended voyage. As already intimated, I hold the shipping articles in this case to be void, and consequently the disobedience of the libelants cannot be regarded as an offense punishable by forfeiture of their wages.

The libelants went on board the vessel voluntarily, without having any valid contract entitling them to be returned to the port of San Francisco, and therefore they have no just claim for expenses

of returning to San Francisco, nor for any compensation, except wages while they were doing the work required of them. A decree will be entered awarding to each of the libelants wages at the rate of $35 per month for 12 days' time, and costs.