### THE MERMAID.

(District Court, D. Washington, N. D. October 19, 1900.)

SEAMEN—FORFEITURE OF WAGES BY DESERTION—VALIDITY OF CONTRACT.

A seaman cannot be bound for service on a ship during a particular voyage or for a definite period of time, so as to be chargeable with desertion, which will forfeit his wages, because he leaves the ship before the completion of the voyage or the expiration of such time, unless he signs shipping articles, as prescribed by Rev. St. § 4511, which definitely state the nature of the voyage. Articles which provide for a voyage to ports to be determined by the master, and for a return for discharge to a port of the United States, also to be determined by the master, do not comply with the statute, and are void.

In Admiralty. Suit by seaman to recover wages.

Palmer & Brown, for libelant.

R. S. Jones, for claimant.

HANFORD, District Judge. The libelant's demand for wages is resisted on the ground that, having shipped for a voyage from Port Blakely to Cape Nome, in the district of Alaska, he deserted from the vessel before she had reached her destination at Cape Nome, in violation of his shipping contract to serve as a common sailor on a voyage to Cape Nome and return to a port to be selected by the master. A seaman's contract for service on a particular voyage or for a definite period of time is not valid unless he signs shipping articles as prescribed by section 4511, Rev. St. U. S. See Diochet v. The Occidental (D. C.) 87 Fed. 486; The Occidental, 101 Fed. 997. Seamen employed on ships as sailors, without having signed shipping articles, are not bound to remain in the service of the ship, and therefore cannot be charged as deserters; nor does the law permit a forfeiture of their

wages for desertion. The answer in this case does not allege that the libelant signed shipping articles, and therefore it is not sufficient as a defense; and if shipping articles had been signed for a voyage from Port Blakely to Cape Nome, in the district of Alaska, and return to a port to be selected by the master, the contract would be void for indefiniteness, because it does not designate any port or place for termination of the voyage and of the contract for service. Furthermore, there is a variance in the proof; for the shipping articles introduced in evidence, which were signed by the libelant, do not specify a voyage to Cape Nome and return to a port to be selected by the master, but describe the voyage and term of service as follows:

"To ports in the district of Alaska, within the Behring Sea and Arctic Ocean, and also other ports and places in any part of the world, as the master may direct, and back to a final port of discharge in the U. S., for a term of time not exceeding six (6) calendar months."

The attempt to bind the libelant by a contract in this form is a plain violation of the statute, because the nature of the intended voyage is not indicated. Within the terms of the agreement, the vessel might proceed from Cape Nome to any island or place in the tropics, or spend the season cruising for whales in the Arctic Ocean, or she might be employed in any branch of foreign or domestic trade. In this particular the contract differs widely from the contracts which were upheld by this court in the cases of Diochet v. The Occidental (D. C.) 87 Fed. 485, and The C. F. Sargent (D. C.) 95 Fed. 179.

I do not regard drunkenness as any excuse for desertion, and I would not hesitate to declare a forfeiture of wages in this case, for desertion, if the libelant had bound himself by signing lawful shipping articles; but, for the reason stated, I hold that he is entitled to his wages for the time he served in the vessel, after deducting the amount which the evidence shows was paid to him.