THE JOSEPH B. THOMAS.

(District Court, E. D. Pennsylvania. March 24, 1905.)

No. 2.

1. SEAMEN—SHIPPING ARTICLES—LEGALITY OF PROVISIONS.

A provision in shipping articles that "the crew shall make no claim for wages or provisions while the vessel is detained by ice, prior to departure," is not in violation of Rev. St. §§ 4511, 4524 [U. S. Comp. St. 1901, pp. 3068, 3076], and is reasonable and valid.

2. SAME—RIGHT TO WAGES.

Libelants signed as seamen for a voyage on a vessel then ready to sail from the port of Philadelphia, but detained by ice; the shipping articles containing a provision that they should make no claim for wages or provisions while the vessel was so detained. They went on board and were furnished light work and given their provisions for a few days, and were then sent on shore by the master, but were told to be in readiness to come back whenever the vessel should be able to get away. When that time came they could either not be found or refused to go. Held, that they were not entitled to wages for the time they were on board, nor for extra pay, under Rev. St. § 4527 [U. S. Comp. St. 1901, p. 3077], as upon wrongful discharge.

In Admiralty. Suit by seamen to recover wages. On final hearing.

Joseph Hill Brinton, for libelants.

J. Frank Staley, Francis C. Adler, and John F. Lewis, for respondent.

J. B. McPHERSON, District Judge. The libelants are seamen who signed articles on December 31, 1903, at the port of Philadelphia for a voyage on the schooner Joseph B. Thomas to Brunswick, Ga. The vessel was then lying at a pier in the river Delaware, ready for sea, and only waiting for an opportunity to get away. She was detained because of the ice in the river, which was especially an obstruction below

the city. A tug had been engaged to tow her to the Capes; but the tug refused to undertake the work, declaring it to be too dangerous. The libelants came on board in the afternoon of January 2, 1904, and were put to shoveling snow off the deck, and during their stay on the ship they performed one or two other trifling services. The shipping articles contained this clause:

"The crew shall make no claim for wages or provisions while the vessel is detained by ice, prior to departure."

This agreement has been decided by Judge Holland to be valid, and not in conflict with sections 4511 and 4524 of the Revised Statutes [U. S. Comp. St. 1901, pp. 3068, 3076] (The Lillian [D. C.] 131 Fed. 375); but, although the master was under no obligation to feed the libelants, he furnished them with regular meals for six days, and while he then told them that he could no longer afford to do so, he gave them liberty to go ashore and see if they could find any temporary work to do. When the vessel was permitted to sail, they would be expected to come on board and fulfill their contract. Accordingly the libelants left the ship, but sent for their clothes the next day, and evidently paid no further attention to their agreement; for, when the ship was finally able to get away on January 14th, and the libelants were sent for, only two of them could be found, and they refused to go. This suit is brought for six days' wages and a month's extra pay, under section 4527 [U. S. Comp. St. 1901, p. 3077]. Upon the facts above stated, however, I do not think that any ground of recovery has been shown. The libelants expressly agreed not to claim wages or provisions while the vessel was detained by ice, and they should not be permitted to repudiate their contract. The very slight services they performed were amply compensated by the provisions they received, and, so far as I can see, they have no reason whatever to complain. They were not discharged, although they so declare, but were merely directed to await on shore the time when the ship would begin her voyage. It is true their necessities may have compelled them to accept other employment, and their failure to carry out their agreement may thus be excused; but I am unable to perceive any obligation on the part of the ship to pay wages in the face of the contract, and certainly there is no liability to a penalty, which is only to be inflicted in case of wrongful discharge.

The libel must be dismissed.