### JONES et al. v. UNITED STATES et al.

(District Court, D. Maryland. November 21, 1922.)

No. 998.

1. Seamen ⬤⬤7—Provision in articles authorizing reduction in wages of seamen at shipowners' option held invalid.

A provision in shipping articles, providing that the wages named were subject to change in accordance with a new scale to be adopted by shipowners, *held* invalid, as not complying with the statute requiring the articles to state the wages to be paid, notwithstanding Rev. St. § 4511 (Comp. St. § 8300), providing that the articles may contain stipulations in reference to advance and allotment of wages, or other matters not contrary to law.

2. Seamen ⬤⬤25—Acceptance by seamen of part of amount due held no consideration for surrender of right to balance.

The acceptance by a seaman of part of an amount due as wages is no consideration for surrender of the right to the balance.

In Admiralty. Libel by Charles B. Jones and others against the United States and the United States Shipping Board Emergency Fleet Corporation. Decree for libelants.

George T. Mister, of Baltimore, Md., for libelants.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for respondents.

---

⬤⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROSE, District Judge. [1, 2] The libelants on the 31st of January, 1922, signed shipping articles by which they undertook to serve in various capacities on the Shipping Board steamship Coelleda for a voyage or voyages during a length of time not exceeding twelve months in all. When the articles were signed, the Shipping Board contemplated promulgating a new and lower wage scale, and there was inserted in the articles a proviso to the effect that—

"The wages herein set forth are subject to change in accordance with the new wage scale of the United States Shipping Board to be adopted February 6, 1922."

Such scale was in fact settled and made public at or about the time specified, and, when the libelants were paid off, their wages from February 6, 1922, were calculated, not at the figures appearing in the articles, but at the lower rate subsequently prescribed by the Shipping Board. The men took the sums offered them—under protest, as they claim; without objection, as the respondents assert. As both sides have submitted the case without offering any testimony, they doubtless are of opinion that whether the men dissented or not is not material. Presumably they are right. If there was more due them, there was no valid consideration for the surrender by them of part of that to which they were entitled.

The present suit is to recover the balance due them upon the assumption that the proviso in the articles is not binding upon the libelants. The respondents cite various cases, such as The Lillian (D. C.) 131 Fed. 375, and The Joseph B. Thomas (D. C.) 136 Fed. 693, to the effect that a stipulation in the articles that wages should not begin until the ice went out was valid. These cases are not in point, whether they were or were not properly decided, and no opinion on that question is here intimated. There the time at which the wages were to begin was made dependent upon an event beyond the control of either party; here the amount of the wages was to be settled by the owner, who was to pay them. If the proviso was valid, the whole purpose of the statute, in so far as it requires the articles to state the wages to be paid, would be made of none effect. If the respondents' contention could be sustained, the articles might lawfully provide that the wages for the first week of the voyage should be, say, for illustration, at the rate of $50 a month, and thereafter at such figure as the owner might fix.

Some contention is made that the statement in the statute (R. S. § 4511 [Comp. St. § 8300]), that the articles may contain stipulations "in reference to advance and allotment of wages or other matters not contrary to law," justifies what the respondents here attempted. To state the proposition is to answer it. The parties may stipulate as to "advance and allotment of wages," but not as to their amount, for that is required by law to be set forth with reference to each individual seaman.

It follows that the libelants are entitled to be paid, for the time they served, the balance of their wages at the rates specifically stated in the articles for each of them, without any reduction in consequence of the subsequent action of the Shipping Board.