# AMERICAN SUGAR REFINING COMPANY *v.* NEW ORLEANS.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 535. Argued and submitted March 18, 1901.—Decided April 29, 1901.

The Circuit Courts of Appeals have power to review the judgments of the Circuit Courts in cases where the jurisdiction of the Circuit Court attaches solely by reason of diverse citizenship, notwithstanding constitutional questions may have arisen after the jurisdiction of the Circuit Court attached.

But in any such case, where a constitutional question arises on which the judgment depends, a writ of error may be taken directly from this court to revise the judgment of the Circuit Court, although the case may nevertheless be carried to the Circuit Court of Appeals, but if so, and final judgment is there rendered, the jurisdiction of this court cannot thereafter be invoked directly on another writ of error to the Circuit Court.

When the plaintiff invokes the jurisdiction of the Circuit Court on the sole ground that the suit arises under the Constitution or laws or some treaty of the United States, as appears on the record from his own statement of his cause of action, in legal and logical form, and a dispute or controversy as to a right which depends on the construction of the Constitution, or some law or treaty of the United States, is determined, then the appellate jurisdiction of this court is exclusive.

THIS was a petition for a writ of certiorari requiring the United States Circuit Court of Appeals for the Fifth Circuit to certify to this court for its review and determination the case of the *American Sugar Refining Company, Plaintiff in Error,* v. *The City of New Orleans, Defendant in Error, No.* 920, *November Term,* 1899; or in the alternative for a writ of mandamus to command the judges of said court to hear, try and adjudge said cause.

The petition alleged that on June 14, 1899, the city of New Orleans brought suit by rule in the civil district court for the parish of Orleans, Louisiana, against the American Sugar Refining Company for a city license tax for the year 1899 for the sum of $6250 with interest thereon claiming said license tax

solely by virtue of the laws of Louisiana and an ordinance of the city of New Orleans, as an occupation tax for carrying on the business of refining sugar and molasses in that city ; that the American Sugar Refining Company petitioned the district court for an order removing the suit to the Circuit Court of the United States for the Eastern District of Louisiana, the petition for removal being based solely upon the ground that the defendant was a corporation of New Jersey, and the plaintiff, a corporation of Louisiana, which petition was granted, the bond required given, a certified copy of the record filed, and the suit docketed in the Circuit Court.

That thereafter, by order of the court, the city reformed its pleadings in some parts, " the only difference of substance between said reformed petition and the original rule being that said reformed petition omitted the formal prayer for a recognition of a lien and privilege on defendant's property, and for an injunction against defendant carrying on its business."

That the defendant answered :

" *First.* That it was a manufacturer, and as such exempt from license taxation under article 229 of the constitution of the State of Louisiana of 1898, which exempts all manufacturers from state and municipal license taxation, except those of distilled, alcoholic and malt liquors, tobacco, cigars and cottonseed oil ; and

" *Second.* That the ordinance of the city of New Orleans under which said tax was claimed was based upon act No. 171 of the general assembly of Louisiana of 1898, and that the said act was in contravention of the Fourteenth Amendment to the Constitution of the United States, in that it exempted from license taxation planters and farmers who refine their own sugar and molasses, and thereby sought to make an illegal discrimination against those sugar refiners who were not planters and farmers, and denied to defendant, as one of such sugar refiners, the equal protection of the laws of the State of Louisiana ; and that the said act and city ordinance based thereon were therefore unconstitutional and void as to defendant."

That the suit was tried before the court and a jury, and evidence was adduced showing the nature and character of

defendant's business in support of its claim that it was a manufacturer, which evidence of the defendant was uncontradicted in every particular; and also showing that the gross receipts of defendant's business were of such amount that if liable at all for license tax, it was liable for the sum claimed; and defendant also filed an exception of no cause of action.

That at the close of the evidence defendant requested the court to direct the jury to render a verdict in its favor, which the court refused to do, and charged in plaintiff's favor, and plaintiff obtained a verdict and judgment. On defendant's application a bill of exceptions was duly settled and signed by the presiding judge; and the case carried on error to the United States Circuit Court of Appeals for the Fifth Circuit. The cause was there heard, and on May 29, 1900, judgment was rendered by the Circuit Court of Appeals dismissing the writ of error on the ground of want of jurisdiction. 104 Fed. Rep. 2. Petitioner thereupon applied for a rehearing, which was denied November 20, 1900.

Petitioner prayed for the writ of certiorari, or for the writ of mandamus as before stated. Leave was granted to file the petition, and a rule to show cause was thereupon entered, to which due return was made.

*Mr. Joseph W. Carroll* for petitioner. *Mr. Charles Carroll* was on his brief.

*Mr. Samuel L. Gilmore*, for respondent, submitted on his brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

The jurisdiction of the Circuit Court rested on diverse citizenship, and not on any other ground, and had the Circuit Court of Appeals gone on and decided the case, its decision would have been final, and our interposition could only have been invoked by certiorari.

This was so notwithstanding one of the defences was the unconstitutionality of the ordinance. *Colorado Central Mining*

*Co.* v. *Turck,* 150 U. S. 138; *Press Publishing Co.* v. *Monroe,* 164 U. S. 105; *Ex parte Jones,* 164 U. S. 691. These, and many other cases to the same effect, related to the appellate jurisdiction of this court over the Court of Appeals under the sixth section of the Judiciary Act of March 3, 1891, but they necessarily involved consideration of our jurisdiction under the fifth section, and that of the Court of Appeals under the sixth section. By the fifth section appeals or writs of error may be taken from the District or Circuit Courts direct to this court in any case that "involves the construction or application of the Constitution of the United States;" "in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question;" "in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States." Section six provides that the Circuit Courts of Appeals shall exercise appellate jurisdiction to review the final decisions of the District and Circuit Courts "in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens or citizens of the United States or citizens of different States." The jurisdiction referred to is the jurisdiction of the Circuit Court, and as the judgment of the Court of Appeals is made final in all cases in which the jurisdiction of the Circuit Court attaches solely by reason of diverse citizenship, it follows that the Court of Appeals has power to review the judgment of the Circuit Court in every such case, notwithstanding constitutional questions may have arisen after the jurisdiction of the Circuit Court attached, by reason whereof the case became embraced by section five.

Thus it was held in *Loeb* v. *Columbia Township Trustees,* 179 U. S. 472, where the jurisdiction of the Circuit Court rested on diverse citizenship, but the state statute involved was claimed in defence to be in contravention of the Constitution of the United States, that a writ of error could be taken directly from

this court to revise the judgment of the Circuit Court, although it was also ruled that the plaintiff might have carried the case to the Circuit Court of Appeals, and that if a final judgment were rendered by that court against him, he could not thereafter have invoked the jurisdiction of this court directly on another writ of error to review the judgment of the Circuit Court.

The intention of the act in general was that the appellate jurisdiction should be distributed, and that there should not be two appeals, but in cases where the decisions of the Courts of Appeals are not made final it is provided that "there shall be of right an appeal or writ of error or review of the case by the Supreme Court of the United States where the matter in controversy exceeds one thousand dollars besides costs."

And the right to two appeals would exist in every case (the litigated matter having the requisite value,) where the jurisdiction of the Circuit Court rested solely on the ground that the suit arose under the Constitution, laws or treaties of the United States, if such cases could be carried to the Circuit Court of Appeals, for their decisions would not come within the category of those made final.

As, however, a case so arises where it appears on the record, from plaintiff's own statement, in legal and logical form, such as is required by good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction or application of the Constitution, or some law, or treaty of the United States, *Gold Washing & Water Co.* v. *Keyes,* 96 U. S. 199; *Blackburn* v. *Portland Gold Mining Co.,* 175 U. S. 571; *Western Union Telegraph Co.* v. *Ann Arbor Railroad Company,* 178 U. S. 239; and as those cases fall strictly within the terms of section five, the appellate jurisdiction of this court in respect of them is exclusive.

If plaintiff, by proper pleading, places the jurisdiction of the Circuit Court on diverse citizenship, and also on grounds independent of that, a question expressly reserved in *Colorado Central Mining Co.* v. *Turck,* 150 U. S. 138, and the case is taken to the Court of Appeals, propositions as to the latter grounds may

be certified, or, if that course is not pursued and the case goes to judgment, (and the power to certify assumes the power to decide,) an appeal or writ of error would lie under the last clause of section six, because the jurisdiction would not depend solely on diverse citizenship. *Union Pacific Railway Company* v. *Harris*, 158 U. S. 326.

In *Carter* v. *Roberts*, 177 U. S. 496, we said: "When cases arise which are controlled by the construction or application of the Constitution of the United States, a direct appeal lies to this court, and if such cases are carried to the Circuit Courts of Appeals, those courts may decline to take jurisdiction, or where such construction or application is involved with other questions, may certify the constitutional question and afterwards proceed to judgment, or may decide the whole case in the first instance." These observations perhaps need some qualification. Undoubtedly where the jurisdiction of the Circuit Court depends solely on diverse citizenship and it turns out that the case involves the construction or application of the Constitution of the United States; or the constitutionality of a law of the United States or the validity or construction of a treaty is drawn in question; or the constitution or law of a State is claimed to be in contravention of the Constitution of the United States; the Circuit Court of Appeals may certify the constitutional or treaty question to this court, and proceed as thereupon advised; or may decide the whole case; but language should not have been used susceptible of the meaning that in cases where the jurisdiction below is invoked on the ground of diverse citizenship the Circuit Court of Appeals might decline to take jurisdiction, or, in other words, might dismiss the appeal or writ of error for want of jurisdiction. The mere fact that in such a case one or more of the constitutional questions referred to in section five may have so arisen that a direct resort to this court might be had does not deprive the Court of Appeals of jurisdiction or justify it in declining to exercise it.

In the case at bar, the jurisdiction rested on diverse citizenship. Two defences were interposed, one of which asserted exemption from the license tax, and the other denied the constitutionality of the legislation under which the tax was imposed.

Both defences were overruled, and judgment rendered for the plaintiff. The case was then carried on error to the Circuit Court of Appeals, which gave judgment dismissing the writ of error for want of jurisdiction. In this we think the court erred, and that a certiorari should issue that its judgment to that effect may be revised. As the record is before us on the return to the rule hereinbefore entered, and full argument has been had, it will be unnecessary for another return to be made to the writ, or further argument to be submitted.

> *Writ of certiorari to issue; return to rule to stand as return to writ; judgment thereupon reversed and cause remanded with a direction to take jurisdiction and dispose of the cause.*

MR. JUSTICE GRAY concurred in the result.