# MEMORANDUM DECISIONS.

ALEXANDER et al. v. UNION PAC. R. CO. et al. (Circuit Court of Appeals, Eighth Circuit. May 6, 1902.) No. 1,707. Appeal from the Circuit Court of the United States for the District of Colorado. Caesar A. Roberts, Charles O. Post, and R. S. Morrison, for appellants. Willard Teller, Clayton C. Dorsey, and Henry T. Rogers, for appellees. Dismissed, without costs to either party in this court, on motion of appellees. See (C. C.) 113 Fed. 347.

BELTON OIL CO. v. KENTUCKY REFINING CO. (Circuit Court of Appeals, Fifth Circuit. May 27, 1902.) No. 1,123. In Error to the Circuit Court of the United States for the Northern District of Texas. Geo. Clark and D. C. Bolinger, for plaintiff in error. Saml. R. Perryman, for defendant in error. Before PARDEE, McCORMICK and SHELBY, Circuit Judges.

PER CURIAM. Under the facts developed in this case the proper rules to apply are the same as in Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953, as follows: "The rule is that, after the renunciation of a continuing agreement by one party, the other party is at liberty to consider himself absolved from any future performance of it, retaining his right to sue for any damages he has suffered from the breach of it, but that an option should be allowed to the injured party either to sue immediately or to wait till the time when the act was to be done, still holding it as prospectively binding for the exercise of this option. The parties to a contract which is wholly executory have a right to the maintenance of the contractual relations up to the time for performance, as well as to a performance, of the contract when due. As to the question of damages, when the action is not premature, the plaintiff is entitled to compensation, based, as far as possible, on the ascertainment of what he would have suffered by the continued breach of the other party down to the time of complete performance, less any abatement by reason of circumstances of which he ought reasonably to have availed himself." These were the principles applied by the trial judge. We therefore find no reversible error in the case. The judgment of the circuit court is affirmed.

CALIFORNIA OIL & GAS CO. OF ARIZONA v. MILLER et al. (Circuit Court of Appeals, Ninth Circuit. May 6, 1902.) No. 799. Appeal from the Circuit Court of the United States for the Southern District of California. William H. H. Hart and Aylett R. Cotton, for appellant. Bicknell, Gibson & Trask and L. L. Cory, for appellees. Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The jurisdiction of the circuit court in this case was invoked solely upon the ground that the complainant's cause of suit, as presented by its bill, involved the construction of laws of the United States. The bill was demurred to upon various grounds, one of which was that no question of the construction of any law of the United States was involved, and that therefore the court had no jurisdiction. The demurrer was sustained, and an order was entered "that said bill be dismissed for want of jurisdiction." The appellees now move to dismiss the appeal on the ground that this court has no jurisdiction of the appeal. On the authority of American Sugar Refining Co. v. City of New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859, and Huguley Mfg. Co. v. Galeton Cotton Mills, 22 Sup. Ct. 452, 46 L. Ed. ——, the motion is allowed, and the appeal is dismissed.