### TERRY v. BIRD.

(Circuit Court of Appeals, Ninth Circuit.   February 1, 1904.)

#### No. 960.

1. CIRCUIT COURTS OF APPEALS—JURISDICTION—SUIT INVOLVING CONSTRUCTION OF TREATY.

A suit in a Circuit Court by an Indian to determine his rights under a patent conveying land to him in severalty in accordance with the provisions of a treaty between his tribe and the United States, on whatever ground the jurisdiction of the court was invoked, is one involving the construction of a treaty of the United States, and which, by section 5 of Act March 3, 1891, creating the Circuit Courts of Appeals (26 Stat. 827 [U. S. Comp. St. 1901, p. 549]), is appealable directly to the Supreme Court, and is not reviewable by the Circuit Court of Appeals, the appellate jurisdiction of the Supreme Court being exclusive.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

On motion to dismiss appeal.   For opinion of court below, see 129 Fed. 472.

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Asst. U. S. Atty., for appellant.

George T. Reid, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.   George Bird, the appellee, an Indian of the Puyallup reservation in the state of Washington, filed a bill in equity against Frank Terry, the appellant, the superintendent of said agency, alleging, in substance, that under the treaty of December 26, 1854 (10 Stat. 1132), made between the United States and the Puyallup Indians, lands were reserved for the latter, which were to be assigned and patented to them in severalty; that the appellee was a member of said tribe, and on January 30, 1886, received, under the provisions of said treaty, a patent to the land in controversy; that by the terms of the patent the land was granted to the appellee as a head of a family and to his heirs; that at the date of said patent he and Mary Bird were husband and wife, and resided on the land described in the patent, and that she was the Mary Bird referred to in the patent, in which it was recited that the lands had been designated as the selection of "Teoaway or George Bird, the head of a family, consisting of himself and

Mary"; that Mary Bird died on August 15, 1887, leaving, her surviving, two sons, Joseph Winyer and Henry Winyer, who had been born to her by a marriage with a former husband; that said Joseph Winyer and Henry Winyer were never members of the appellee's family, but that they also received assignments of land upon said reservation at the time when the appellee was awarded his assignment of land; that the appellee is the owner in fee simple of the said land, but that the appellant contends that he owns only an undivided one-half interest therein, and that the other interest belongs to the heirs at law of Mary Bird; and that the said appellant claims that under the laws of the United States and the rules and regulations of the Secretary of the interior the appellee cannot lease said land to any person unless said lease is executed before the appellant and approved by the Secretary of the Interior, and unless the rent falling due thereunder is paid to the said appellant to be distributed by him one half to the appellee and the other half to the said heirs of Mary Bird; that the appellee has leased the whole of said land to one Frank Albert for a period of time less than two years for full and fair consideration paid by said Albert to the complainant, and that the appellant threatens to and will, unless restrained by the court, go upon the appellee's land and drive off the stock of said lessee, and evict him therefrom.

The appellee moves to dismiss the appeal on the ground that the case is one which involves the construction of a treaty made under the authority of the United States, from the judgment in which an appeal lies only to the Supreme Court of the United States. No case is made in the bill of diversity of citizenship, nor was jurisdiction of the Circuit Court invoked on that ground. The appellant contends, however, that the jurisdiction of the Circuit Court does not rest alone upon the fact that the case involves the construction of a treaty or law of the United States, but that it is conferred by the act of August 15, 1894, c. 290, 28 Stat. 286–305, which gives to the Circuit Courts "jurisdiction to try and determine any action, suit or proceeding arising within their respective jurisdictions involving the right of any person in whole or in part of Indian blood or descent to any allotment of land under any law or treaty." This provision, if applicable at all to the present case, does not confer a jurisdiction which otherwise would not exist, nor does it render the cause any the less one which involves the construction of a treaty of the United States, and which, under section 5 of the act establishing the Circuit Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]), is made appealable from the Circuit Court directly to the Supreme Court. In American Sugar Refining Company v. New Orleans, 181 U. S. 277–281, 21 Sup. Ct. 646, 45 L. Ed. 859, the court, referring to the act creating the Circuit Court of Appeals, said:

"The intention of the act in general was that the appellate jurisdiction should be distributed, and that there should not be two appeals. And the right to two appeals would exist in every case (the litigated matter having the requisite value) where the jurisdiction of the Circuit Court rested solely on the ground that the suit arose under the Constitution, laws, or treaties of the United States, if such cases could be carried to the Circuit Court of Appeals, for their decisions would not come within the category of those made final. As, however, a case so arises where it appears on the record, from

plaintiff's own statement, in legal and logical form, such as is required by good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction or application of the Constitution or some law or treaty of the United States (Gold Washing & Water Co. v. Keyes, 96 U. S. 199 [24 L. Ed. 656]; Blackburn v. Portland Gold Mining Co., 175 U. S. 571 [20 Sup. Ct. 222, 44 L. Ed. 276]; Western Union Telegraph Co. v. Ann Arbor Railroad Company, 178 U. S. 239 [20 Sup. Ct. 867, 44 L. Ed. 1052]; and as those cases fall strictly within the terms of section 5, the appellate jurisdiction of this court in respect of them is exclusive."

There can be no doubt that the present case is one which involves a construction of the treaty with the Puyallup Indians, and an adjudication of the rights of the appellee thereunder. Such a case is appealable to the Supreme Court, and no provision is made for its appeal to the Circuit Court of Appeals.

The motion to dismiss will be allowed.