MAYOR, ETC., OF CITY OF MERIDIAN v. FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Fifth Circuit.  January 24, 1906.)

No. 1,470.

1. WATERS—SUPPLY TO CITY—CONTRACT—CONSTRUCTION.

A contract between a city and a water company granting the company a franchise for and obligating it to construct a waterworks system and to maintain the same for a term of years, and by which the city agreed to take and pay for water during such term, in the absence of an express provision that the city shall not construct or operate a water system of its own during the term, cannot be construed to place such a limitation on the powers of the city by implication.

2. CONSTITUTIONAL LAW—TAKING PROPERTY WITHOUT DUE PROCESS OF LAW—COMPETITION OF CITY WITH WATER COMPANY.

The construction and operation of a waterworks plant by a city in competition with a water company, which constructed its works under a franchise granted by the city, does not amount to a taking of the company's property without due process of law, within the meaning of the federal Constitution, nor to a taking of its property without just compensation, within the meaning of the Constitution of Mississippi.

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

For opinion below, see 139 Fed. 673.

W. N. Ethridge, S. A. Witherspoon, and W. E. Baskin (Ethridge & McBeath and Miller & Baskin, on the brief), for appellants.

Frank Spurlock and Foster V. Brown, for appellee.

Before PARDEE, McCORMICK and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The bill in this case is intended to be so framed as to show the jurisdiction of the Circuit Court by reason of the diverse citizenship of the parties, and also by reason of the presentation of a federal question. The suit was brought by the Farmers' Loan & Trust Company, a corporation under the laws of New York, against the mayor and boards of councilmen and aldermen of the city of Meridian, a municipal corporation of Mississippi, the several members of the boards, who are all citizens of Mississippi, the Meridian Waterworks Company, a corporation under the laws of Mississippi, and William S. Kuhn, a citizen of Pennsylvania. The bill avers a contract made by authority of a law of the state of Mississippi, between the city of Meridian and W. S. Kuhn, who assigned his interest to the waterworks company, and a mortgage by the latter to the trust company, and the enactment of subsequent ordinances by the city of Meridian, pursuant to acts of the Legislature of Mississippi, also passed subsequent to the contract and the mortgage, which ordinances and acts of the Legislature are alleged to impair the contract and mortgage, contrary to section 10 of article 1 of the Constitution, and also in violation of the due-process clause of the fourteenth amendment to the Constitution. It is alleged also that the acts and ordinances are contrary to and in violation of section 17 of the Constitution of Mississippi, which provides that:

"Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof in a manner to be prescribed by law."

The relief sought is an injunction restraining the city from exercising the powers conferred upon it by state legislation passed subsequent to the contracts, to build a new plant for the purpose of supplying itself and its inhabitants with water. The Circuit Court granted the injunction as prayed for, and subsequently overruled the motion of the city of Meridian to dissolve the injunction. From that interlocutory order an appeal was taken to this court.

There is a motion to dismiss this appeal, but we overrule it and take jurisdiction, because the suit is based on diverse citizenship as well as upon the alleged violation of the Constitution of the United States, and because other than federal questions are involved. American Sugar Refining Company v. New Orleans, 181 U. S. 277, 282, 21 Sup. Ct. 646, 45 L. Ed. 859.

The view we take of the case makes it unnecessary to state or to decide several questions of interest and importance that have been ably argued by counsel. The one question presented by this appeal

which it is now necessary to decide is whether or not, on the facts averred in the bill, the city of Meridian has made a contract which deprives it of the right to exercise the powers conferred on it by law to build a new plant for the purpose of supplying itself with water. To answer this question intelligently requires a condensed statement of the acts of the Legislature, the ordinances of the city of Meridian, and the contracts involved as disclosed by the bill and exhibits.

The waterworks company was incorporated under a special act of the Legislature of Mississippi on March 9, 1886 (Laws 1886, p. 739, c. 386), for the purpose of constructing, maintaining and operating a system of waterworks at Meridian with capacity to supply all the demands of the city, and with the right to contract with the city for furnishing it a supply of water. By another act of the Legislature approved March 16, 1886 (Laws 1886, p. 591, c. 325), the charter of Meridian was amended so as to authorize it to contract with any person or company for a supply of water for the city and for a supply of water for the public and to pay therefor at an agreed price every year. Acting under this authority, the city solicited propositions from parties to build a plant, and finally accepted a proposition made for that purpose by W. S. Kuhn, who transferred and assigned all his interest in the contract when made to the waterworks company. This contract provides that the grantee should construct a system of waterworks of a character set forth, laying a prescribed mileage of pipes and installing machinery of a designated power, and to increase the same from time to time to meet the demands of the city. The contract was to continue for a period of 25 years, unless the same should be terminated by purchase or forfeiture as provided in the contract. The grantee was given a right of way through the streets of the city. A stated number of hydrants for the city's use were to be placed on the original pipe lines and on the extensions ordered. The grantee and his successors were required to constantly use and operate the works during the full term and continuance of the franchise, and to constantly keep the hydrants supplied with water and in good working order, and the city agreed to rent a certain number of hydrants for the period of 25 years, and annually to levy a tax in amount sufficient to discharge this annual debt, but on condition that it was to have the right to purchase the plant in a manner stated, and thus terminate its obligation. Section 15 of the contract is as follows:

"Sec. 15. In consideration of the benefits which will be derived by the said city and its inhabitants from the construction and operation of the said waterworks, and in further consideration of the water supply hereby secured for public use, and as an inducement for the said grantee, his associates, successors, or assigns to enter upon the construction of the said waterworks, the franchise and the license hereby granted to and invested in him shall remain in full force and effect for a term of twenty-five (25) years, subject, however, to a prior termination by the rights of purchase made as in this ordinance provided; and for the same consideration, and as the same inducement, the city of Meridian rents of the said grantee, his associates, successors, or assigns, for the uses hereinafter mentioned, the hydrants hereinbefore described, for and during the term of twenty-five (25) years from the completion of said works, unless said term shall be sooner terminated as provided herein."

It was also provided that the grantee was required to accept the ordinances and to acknowledge his acceptance before some officer authorized to take acknowledgments, and that:

"From and after the filing of said acceptance, this ordinance shall have the effect of, and be a contract between the city and said grantee, and shall be the measure of rights and liabilities of the city and the said grantee, his associates, successors or assigns, and in case such an acceptance is not so made and filed immediately after the passage of this ordinance, the same shall be null and void."

The contract recognizes the right of the grantee or his successors to mortgage the waterworks, franchises, and rentals; and subsequently the waterworks company, the successor of W. S. Kuhn, did mortgage the plant to secure bonds for a large sum, which bonds are outstanding and unpaid. The trust company is made trustee in the mortgage. It was further alleged that the city in the year 1895 demanded an appraisement of the works with a view to their purchase under the rights reserved in the contract, but that, being dissatisfied with the price fixed by the arbitrators, it did not elect to purchase. It is alleged that the city of Meridian is taking steps, under authority of acts of the Legislature and ordinances of the city, to construct waterworks of its own. This, it is alleged, it is doing by authority of an act of the Legislature of Mississippi to authorize the city of Meridian to issue bonds and to purchase or construct waterworks and for other purposes, approved February 6, 1894 (Laws 1894, p. 107, c. 97). This act authorized the city to issue $150,000 of bonds. It was provided by the act that the question as to whether or not the bonds were to be issued was to be submitted to the qualified electors of the city. It is alleged that the question was so submitted, and that a majority decided in favor of issuing the bonds. It is alleged that the city, unless enjoined, will proceed to issue bonds for the purpose of building waterworks of its own. Various acts are alleged indicating the purpose of the city to build new waterworks. It is alleged that under the contract made in July, 1886, the waterworks company acquired the right to own and operate its works and to supply the city with water for public purposes for a period of 25 years, and that the city is obligated to allow the company to supply the water. This recital of facts is followed by the allegations, to which we have referred, that the action of the defendants is in violation of the designated portions of the Constitution of the United States, and in violation of the designated section of the Constitution of Mississippi.

The contract does not contain any provision by which the city expressly agreed not to establish and operate a waterworks plant of its own during the period of the existence of the contract between it and the Meridian Waterworks Company. The relief prayed for could only be granted upon the theory that the law under the circumstances will supply by its implications the want of an express agreement that the city would not build waterworks of its own. We need not consider what would be implied in the case of a contract like this between private parties. The contract here is one in which a municipal corporation makes a grant in which the public has an interest. When a

municipal corporation is exercising its functions for the public good, it is not to be shorn of its right to continue to exert its powers for the general good by mere implication. If by contract it may under the circumstances restrict the exercise of its public powers, the intention to do so must be shown by apt words so clear as not to reasonably permit any other construction. Unless there can be found in the contract in question words clearly depriving the city of Meridian of the right to build, own, and operate waterworks, the court should not by implication give such effect to the contract. The grant to Kuhn, which was transferred to the Meridian Waterworks Company, should be strictly construed against the grantee, and whatever was not unequivocally granted is withheld. Knoxville Water Company v. Knoxville (Supreme Court U. S. Jan. 2, 1906) 26 Sup. Ct. 224, 50 L. Ed. ——.

In Helena Waterworks Company v. Helena, 195 U. S. 383, 392, 25 Sup. Ct. 40, 43, 49 L. Ed. 245, the court said:

"Had it been intended to exclude the city from exercising the privilege of establishing its own plant, such purpose could have been expressed by apt words, as was the case in Walla Walla City v. Walla Walla Water Company, 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341."

The city not having bound itself by contract not to build and operate waterworks of its own, the legislation authorizing it to do so, and its ordinances pursuant to such legislation, do not impair the obligation of its contract. The cases are numerous which sustain this conclusion. Many of them are cited in Knoxville Water Company v. Knoxville, supra. In that case, Mr. Justice Harlan, speaking for the court, said:

"It is, we think, important that the courts should adhere firmly to the salutary doctrine underlying the whole law of municipal corporations, and the doctrines of the adjudged cases, that grants of special privileges affecting the general interests are to be liberally construed in favor of the public, and that no public body, charged with public duties, be held upon mere implication or presumption to have divested itself of its powers."

The fact that the competition of the city in the operation of its own waterworks will lessen the value of the waterworks company's plant does not amount to a taking of property without due process of law, within the meaning of the federal Constitution, nor to a taking of property without just compensation, within the meaning of the Constitution of the state of Mississippi. Helena Waterworks Co. v. Helena, 195 U. S. 383, 25 Sup. Ct. 40, 49 L. Ed. 245.

As the city is not excluded by contract from the right to build and operate its own waterworks, the complainant below has no interest to question the validity of the legislative act of 1904 nor the validity of the election held by the city looking to the issuance of bonds. We are of opinion that the injunction was improvidently granted.

The decree overruling the appellant's motion to dissolve the injunction is reversed, and the cause remanded, with instructions to enter a decree dissolving the injunction.