RAILROAD COMMISSION OF LOUISIANA et al. v. MORGAN'S L. & T.
R. & S. S. CO.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1912.)

No. 2,311.

COURTS (§ 385*)—FEDERAL SUPREME COURT—JURISDICTION—CONSTITUTIONAL
QUESTIONS.

Where the jurisdiction of the federal Circuit Court is invoked solely on the ground that the suit arises under the federal Constitution, as involving the construction and application of the commerce clause, an appeal lies directly to the federal Supreme Court, and not to the Cir-

cuit Court of Appeals, under Judiciary Act March 3, 1891, c. 517, § 5, 26 Stat. 827 (U. S. Comp. St. 1901, p. 549).

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1022–1026; Dec. Dig. § 385.*

Review by the Supreme Court of decisions of the United States Circuit and District Courts since Circuit Court of Appeals Act March 3, 1891, see note to City of Paducah v. East Tennessee Telephone Co., 106 C. C. A. 333.]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Suit by Morgan's Louisiana & Texas Railroad & Steamship Company against the Railroad Commission of Louisiana and others. From a decree granting a perpetual injunction, defendants appeal. Dismissed.

The bill in this cause was filed by Morgan's Louisiana & Texas Railroad & Steamship Company, a corporation organized under the laws of the state of Louisiana, and engaged in interstate commerce, against the Railroad Commission of Louisiana, a corporation created and established by the Constitution of Louisiana, and the members thereof, who are citizens of that state. The plaintiff sought by the bill to enjoin the enforcement of the following order passed by the Railroad Commission, to wit: "Ordered, that the Morgan's Louisiana & Texas Railroad & Steamship Company be, and it is hereby, commanded and required to stop its trains, known as Nos. 9 and 10, at Jeanerette, to take on and let off passengers, and to continue to stop its said trains at Jeanerette until further ordered by this Commission." An injunction pendente lite, having been issued by the trial court, was, upon the final hearing, made perpetual. From the decree thus rendered the defendants have appealed.

Walter Guion, Atty. Gen., and R. G. Pleasant and W. M. Barrow, Asst. Attys. Gen., for appellants.

George Denegre and Joseph Paxton Blair, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). The motion to dismiss the appeal is based on the ground that the case should have gone directly to the Supreme Court. The parties plaintiff and defendant are citizens of the state of Louisiana. Diversity of citizenship, therefore, does not exist. The jurisdiction of the Circuit Court was invoked solely on the ground that the suit was one arising under the Constitution of the United States, in that it involved the construction and application of the commerce clause of the Constitution. Article 1, § 8.

It is well settled that, under the fifth section of the act of March 3, 1891 (26 Stat. 827, 828), appeals in suits of this character should go direct to the Supreme Court. In Union & Planters' Bank v. Memphis, 189 U. S. 73, 23 Sup. Ct. 605, 47 L. Ed. 712, it was said by the Chief Justice, as the organ of the court, that:

"Diversity of citizenship did not exist, and the jurisdiction of the Circuit Court rested solely on the ground that the cause of action arose under the Constitution of the United States. The appeal lay directly to this court under section 5 of the Judiciary Act of March 3, 1891, and not to the Circuit Court

of Appeals. American Sugar Refining Company v. New Orleans, 181 U. S. 277 [21 Sup. Ct. 646, 45 L. Ed. 859]."

See, also, City of Paducah v. East Tennessee Telephone Company, 182 Fed. 625, 106 C. C. A. 333.

The motion to dismiss the appeal should be granted; and it is so ordered.