### COLLINS v. BOARD OF CONTROL OF LOUISIANA STATE PENITENTIARY et al.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1915.)

#### No. 2703.

HABEAS CORPUS ☞113 — APPEAL — JURISDICTION — CONSTITUTIONAL QUESTIONS—APPELLATE COURT.

An order denying a writ of habeas corpus, issued on the only jurisdictional ground that petitioner was in custody in violation of the Constitution of the United States, is appealable direct to the Supreme Court under Judicial Code (Act March 3, 1911. c. 231) § 238, 36 Stat. 1157 (Comp. St. 1913, § 1215), providing that appeals and writs of error may be taken from the District Courts direct to the Supreme Court in any case which involves the construction or application of the Constitution of the United States, and is not appealable to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. ☞113.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Habeas corpus, on petition of John L. Collins, to obtain his release from the Board of Control of the Louisiana State Penitentiary and others. From an order dismissing the writ, petitioner appeals. Dismissed.

John L. Collins, in pro. per.

R. G. Pleasant, Atty. Gen., of Louisiana, for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The petition for the writ of habeas corpus did not suggest the existence of any jurisdictional ground for the issuance of the writ, other than that the petitioner was "in custody in violation of the Constitution * * * of the United States." Rev. Stat. U. S. § 753 (Comp. St. 1913, § 1281). Appeals and writs of error may be taken from the District Courts direct to the Supreme Court "in any case that involves the construction or application of the Constitution of the United States." Judicial Code U. S. § 238. The appellate jurisdiction of this court does not extend to cases "in which appeals and writs of error may be taken direct to the Supreme Court," as provided in the section above quoted. Judicial Code, § 128.

It follows that this court is without jurisdiction to review the ruling sought to be presented here for review, and that the appeal should be dismissed. Railroad Commission of Louisiana et al. v. Morgan's L. & T. R. & S. S. Co., 195 Fed. 66, 115 C. C. A. 127.

And it is so ordered.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes