McMILLAN CONTRACTING CO. et al. v. ABERNATHY et al.  SAME v. HAG-
ERMAN.  FIDELITY NAT. BANK & TRUST CO. et al. v. SWOPE et al.

(Circuit Court of Appeals, Eighth Circuit.  October 23, 1922.)

Nos. 6134–6136.

I. Courts ☞405(6)—Where jurisdiction depends only on constitutional question, appeal does not lie to Circuit Court of Appeals.

Where the jurisdiction of the District Court rests only on the ground that the cause of action arises under the Constitution, the Circuit Court of Appeals is without jurisdiction to review the case under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215), which is reviewable only by the Supreme Court.

2. Courts ☞405(6)—Jurisdiction of Circuit Court of Appeals, may rest on diversity of citizenship, though constitutional question involved.

Where the jurisdiction of the District Court is invoked on the ground that the case arises under the Constitution, and also on the ground of diversity of citizenship, an appeal lies to the Circuit Court of Appeals.

3. Appeal and error ☞432—Failure to docket case before return day not ground for dismissal.

Failure to have a case docketed in the appellate court before return day *held* not ground for dismissal, where the record was received before that day by the clerk, who did not docket the case until later because the docket fee was not paid.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suits in equity by Walter L. Abernathy and others and by B. Haywood Hagerman against McMillan Contracting Company and others, and suit by Felix H. Swope and others against the Fidelity National Bank & Trust Company and others. Decrees for complainants, and defendants appeal. On motions to dismiss appeals. Denied in the last-named case, and the two cases first mentioned transferred to Supreme Court.

See, also, 274 Fed. 801.

Justin D. Bowersock, of Kansas City, Mo. (Robert B. Fizzell, Arthur Miller, Maurice H. Winger, Clarence S. Palmer, Frank P. Barker, and G. V. Head, all of Kansas City, Mo., on the brief), for appellants.

H. M. Langworthy, of Kansas City, Mo. (O. H. Dean, Roy B. Thomson, and Melville W. Borders, all of Kansas City, Mo., on the brief), for appellees Abernathy et al.

A. S. Marley and W. H. Reed, both of Kansas City, Mo., for appellee Hagerman.

E. H. Jones, of Kansas City, Mo. (Scarritt, Jones, Seddon & North and Edward L. Scarritt, all of Kansas City, Mo., on the brief), for appellees Swope et al.

Before LEWIS and KENYON, Circuit Judges, and MUNGER, District Judge.

PER CURIAM. Motions to dismiss the appeals in these cases have been made, upon the ground that the appeals could be taken only to the

Supreme Court of the United States. The suits sought to have decrees entered declaring certain assessments and levies of special taxes against land in Kansas City, Mo., to have been illegally imposed, and declaring them to be no lien against the land of the complainants. The asserted grounds for relief were that a portion of the state statutes of Missouri, known as the Kansas City Charter, and the city ordinance enacted to carry into effect this portion of the charter, were in violation of the Constitution of the United States, and also that this and other provisions of this charter and ordinance were not followed in the proceeding leading to the assessments.

[1] The jurisdiction of the court in the first two cases to entertain the case depended upon the assertion of the conflict of the local statutes with the Constitution of the United States, as there was no allegation of diversity of citizenship nor allegation of any other ground of jurisdiction. The decree was in favor of the complainants. It is settled that, where the jurisdiction of the court depends only upon the ground that the cause of action arises under the Constitution of the United States, the Circuit Court of Appeals has no jurisdiction to review the case, as an appeal in such a case must be sought in the Supreme Court of the United States, under sections 128 and 238 of the Judicial Code (Comp. St. §§ 1120, 1215). American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 Sup. Ct. 646, 45 L. Ed. 859; Huguley Mfg. Co. v. Galeton Cotton Mills, 184 U. S. 290, 295, 22 Sup. Ct. 452, 46 L. Ed. 546; Union & Planters' Bank v. Memphis, 189 U. S. 71, 73, 23 Sup. Ct. 604, 47 L. Ed. 712; Vicksburg v. Waterworks Co., 202 U. S. 453, 458, 26 Sup. Ct. 660, 50 L. Ed. 1102, 6 Ann. Cas. 253; Carolina Glass Co. v. South Carolina, 240 U. S. 305, 318, 36 Sup. Ct. 293, 60 L. Ed. 658; Raton Waterworks Co. v. Raton, 249 U. S. 552, 553, 39 Sup. Ct. 384, 63 L. Ed. 768; Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 Sup. Ct. 244, 66 L. Ed. ——; Grammer v. Fenton (C. C. A.) 268 Fed. 943, 945.

[2] In the third case now before the court, No. 6136, the jurisdiction of the court was invoked upon the same assertions of a violation of the Constitution of the United States, and also because of diversity of citizenship of the parties. In such a case an appeal lies to the Circuit Court of Appeals. American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 Sup. Ct. 646, 45 L. Ed. 859; Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 Sup. Ct. 244, 66 L. Ed. ——; Spreckels Sugar Refining Co. v. McClain, 192 U. S. 397, 407, 24 Sup. Ct. 376, 48 L. Ed. 496.

[3] A further ground urged for the dismissal of case No. 6136 is a failure of appellants to have the case docketed within the period limited as the return day. The record was received by the clerk of this court within that period, but because the docket fee was not then paid, the case was not docketed for several days after the return day. No injury is shown to have occurred to appellees because of this delay and no motion to dismiss the appeal was made before the case was docketed. The delay is therefore no ground for dismissal. Equitable Life Assur. Co. v. Tolbert, 145 Fed. 338, 339, 76 C. C. A. 212; Gould v. United States, 205 Fed. 883, 885, 126 C. C. A. 1.

The motion to dismiss appeal in No. 6136 will be denied.

In the other two cases our attention has been called to the act of Congress approved September 14, 1922, adding section 238a to the Judicial Code, which reads as follows:

"If an appeal or writ of error has been or shall be taken to, or issued out of any Circuit Court of Appeals in a case wherein such appeal or writ of error should have been taken to or issued out of the Supreme Court, or if an appeal or writ of error has been or shall be taken to, or issued out of, the Supreme Court in a case wherein such appeal or writ of error should have been taken to, or issued out of, a Circuit Court of Appeals, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, which shall thereupon be possessed of the same and shall proceed to the determination thereof, with the same force and effect as if such appeal or writ of error had been duly taken to, or issued out of, the court to which it is so transferred."

Appellees claim that no transfer of these cases to the Supreme Court should be ordered under this statute, because the appeals were not applied for within three months after the entry of the decree (section 6, c. 448, 39 Stats. 726; Comp. St. § 1228a), and therefore that the Supreme Court would have no jurisdiction to entertain the appeal. This is a question that is more properly determined by the court whose authority is questioned. An order will be entered transferring the appeals in cases numbered 6134 and 6135 to the Supreme Court of the United States.