CARROLL, CHARLES, Associate Judge.
The appellants, who owned and operated a water system serving the community of Crystal Beach in Pinellas Comity, filed their complaint in equity seeking to enjoin the county from proceeding with installation of its water system, and in the alternative that the county be required to pay for plaintiffs’ water system as provided for in § 153.03(8), Fla.Stat., F.S.A., and seeking damages “for the destruction of their facilities by the defendants.”
Plaintiffs alleged their ownership and operation of their water system since 1944; that the county was constructing and putting into operation a water system in the same area; that the county had threatened “to take over and/or destroy” plaintiffs’ business; and had appropriated and destroyed certain of the facilities and properties of plaintiffs’ water system.
A preliminary injunction was granted restraining further expansion of the county’s water system. Later the injunction was vacated on the county’s motion, but thereafter was reinstated pendente lite with the consent of the county.
The county’s answer admitted construction of the water system but denied it had acted under chapter 153 Fla.Stat., F.S.A., and averred it had proceeded pursuant to powers therefor as granted in certain special acts, listing chapter 17644, Laws of Florida Special Acts 1935, and chapter 20066, Laws of Florida, Special Acts 1939. The answer also contained certain matter in defense of plaintiffs’ claim of damages. The matter then was heard on the pleadings, 'and on a stipulation of facts made by coun *747 sel in open court which the order recited as follows:
“That the Plaintiffs now own, and for many years have owned, a water system serving the Crystal Beach area in Pinellas County, Florida, and customers located in said community with water for their homes and businesses; that Pinellas County operates a water system in said County and has recently invaded the area of Crystal Beach, now served by the Plaintiffs, said County having installed water pipes along the streets in said area, permitted clients of the Plaintiffs to make application to the Defendant County for County water and are now supplying County water to former clients of Plaintiffs; that, in fact, the County advised the people in the Crystal Beach area that the County was going to install a water system in said Crystal Beach area, now served by Plaintiffs’ water system.”
After expressing the opinion that the actions of the county in connection with its water system were not controlled by chapter 153, Fla.Stat., F.S.A., but by special acts (chapter 17644 of 1935, chapter 20066 of 1939, and chapter 29442 of 1953), the chancellor then ordered as follows:
“It is Therefore, Ordered, Adjudged and Decreed as Follows:
“1. That Chapter 153, Florida Statutes Annotated and particularly Section 153.03, subsection (8) and 153.04, subsection (2) thereof, do not apply to the Defendant, Pinellas County, in this cause and do not, therefore, in and of themselves, prohibit Pinellas County from establishing its water system in the Crystal Beach area of Pinellas County, Florida, the area presently served by Plaintiffs’ private water system since the aforesaid Special Acts apply to Pinellas County and not the aforesaid General Act.
“2. That this Order does not purport to pass upon other property rights, statutory or constitutional, of the Plaintiffs but is limited to the specific issue of the applicability of the provisions of Chapter 153 Florida Statutes Annotated, to Pinellas County in this cause.
“3. This Order may be considered as an interlocutory Order for the purposes of perfecting an interlocutory appeal.”
 The plaintiffs have taken this appeal from that order. From the wording of the order it is clear this appeal does not extend to or involve the question of plaintiffs’ right to damages, but presents for review the question of whether the county, in installing the water system, was empowered and controlled by the provisions of chapter 153 Fla.Stat., F.S.A., or by the cited special acts. Plaintiffs sought to impose the provisions of the general act on the county because it made express provision for payment to owners of a privately owned water system, when and if taken over in whole or in part by the county (§ 153.03(8), Fla.Stat., F.S.A.), and prohibited a county from furnishing such facilities in an area already being served by a privately owned facility (§ 153.04(2). But on reading the general act it becomes apparent that a county which is otherwise empowered by a special act to install and operate such a facility may elect to do so rather than to proceed under chapter 153. This is so because the general act, in § 153.03, restricts the exercise by counties of the powers there listed to counties “which may hereafter come under the provisions of this chapter as hereinafter provided,” that is, to those-counties which elect to proceed thereunder. In § 153.04, dealing with construction of such water systems, it is provided as a condition precedent to a county’s right to exercise the powers granted, that a resolution so choosing shall be made by the county commissioners. No such resolution by Pinellas County was alleged- or shown. Moreover, in § 153.20 it is expressly provided that the general act is'alterna *748 tive and supplemental and is not to be regarded as in derogation of existing powers or as repealing any such special acts.[1] See Herbert v. City of Daytona Beach, 1935, 121 Fla. 212, 163 So. 565; 34 Fla.Jur., Water Works and Water Companies, § 3. We conclude, therefore, as did the chancellor, that the county did not proceed under and was not bound by the provisions of chapter 153 Fla.Stat., F.S.A.
There remains for consideration the question of whether the special acts relied on by the county authorized its action notwithstanding existence of plaintiffs’ privately owned water system in the area. The special acts relied on empowered the county to construct and operate the water system. Those special acts do not dontain a provision, such as the one appearing in § 153.04 of the general act, prohibiting the county from moving in on a territory already served by a privately owned facility. In the absence thereof, and in absence of a showing that the existing privately owned facility operated under a franchise which was exclusive even as to the county or a showing of an effective contract by the county not to compete, there was no impediment on the county to create and operate its own system under the authority granted in the enabling special acts. Lehigh Water Company v. Borough of Easton, 1887, 121 U.S. 388, 7 S.Ct. 916, 30 L.Ed. 1059; Helena Waterworks Co. v. Helena, 1904, 195 U.S. 383, 25 S.Ct. 40, 49 L.Ed. 245; Knoxville Water Co. v. Knoxville, 1906, 200 U.S. 22, 26 S.Ct. 224, 50 L.Ed. 353; Mayor, etc., of City of Meridian v. Farmers’ L. & T. Co., 143 F. 67, (C.C.A. 5th, 1906); Copeland v. City of Waldport, 1934, 147 Or. 60, 31 P.2d 670 ; 56 Am.Jur., Water Works, §14; 94 C.J.S. Waters § 252; Annot. 114 A.L.R. 192.
For the reasons stated the order appealed from should be and hereby is affirmed.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.

. § 153.20, Fla.Stat., F.S.A., entitled “Alternative Method,” reads as follows:
“This chapter shall be deemed to provide an additional and alternative method for the doing of the things authorized hereby and shall be regarded as supplemental and additional to the powers conferred upon the commission by other laws, and shall not be regarded as in derogation of any powers now existing. This chapter being necessary for the welfare of the inhabitants of the several counties of the state shall be liberally construed to effect the purposes thereof.
“This chapter shall not repeal any local or special act or law conferring upon any of the several counties or county commissions the powers and duties or any of them imposed hereby, but it shall be deemed to be an alternative or additional method for such counties or county commissions to effect the purposes of this chapter.”